# SUPREME COURT OF TEXAS.

## TYLER TERM, 1883.

### J. E. JONES v. H. B. FORD.

#### (Case No. 1493.)

1. JOINDER OF PARTIES AND OF CAUSES OF ACTION.— Where suit is brought for the possession of real property, on which one party claims a builder's lien and another party claims a lien for material furnished, the claims being denied by plaintiff, who is the owner of the property, both lien claimants may be joined as defendants; nor is it improper to seek in the same action a recovery on a moneyed demand, connected with and growing out of the same transaction.

2. CHALLENGE OF JURORS.— Where the interests of two defendants are so nearly identical as to make them but one *party* to a suit, in the sense in which that term is used in the jury law, but six jurors can be challenged by the defendants.

3. JUDGMENT.— Where the finding of a jury under issues submitted to them could not possibly be arrived at without also finding another fact not expressed but necessarily included in the verdict, judgment can be rendered as if that fact had been positively found.

4. DEPOSITIONS.— An objection to the reading of a deposition based on the fact that, in the notice to take the depositions, the witness was described by a given name different from his true name, is an objection to the manner and form of taking, which must be reduced to writing, filed, and notice thereof given to the opposing party.

5. TAXING COSTS.— An erroneous taxing of costs must be brought to the attention of the court below for correction, and cannot be corrected on appeal until it is there attempted.

APPEAL from Harrison. Tried below before the Hon. A. J. Booty.

The appellee alleged in his petition that he was the owner in fee simple, on the 10th of March, 1881, of lots 3 and 4 in the Williams addition to the city of Marshall; that on that day he entered into a contract with Jones for the erection of four tenement houses on the lots, including outhouses, fences, wells, etc., for which he obligated himself to pay $4,250; afterwards, by a verbal agreement, an additional room was to be added to each of the houses, for which he also obligated himself to pay the further sum of $500; that appellant

agreed himself to finish the first one of the houses the 10th day of April, another the 25th of April, and another the 15th day of May, and the last the 10th day of June, 1881; that appellant erected on the lots, under the contract, four tenement houses, complete, except in certain specified particulars; that appellee paid to appellant $3,548 in cash and $218.72 in material for the houses previous to July 15, 1881, which was paid as the work progressed; that Dahmer & Logan had served on appellee on July 29, 1881, an account for $902 for lumber furnished appellant with which to build the houses, and that the liability of appellee to pay the same had been fixed under the statute; that Lake & McFarlin, on the 8th day of August, 1881, had also fixed the liability of appellee for $99 for material furnished appellant, which sums appellee had been compelled to pay; that after these liabilities were fixed, J. H. Van Hook & Son, on the 11th day of August, 1881, also served on appellee an attested account for $1,183 for material furnished appellant with which to build the houses; that payments of cash amounting to $3,548 were made to Jones in consequence of his fraudulent representations that such amounts were due to him for work done, when they were not due; that Jones held the houses in his possession by force, and refused to allow plaintiff to have possession, claiming that the balance due on such contract should be paid to him; that Van Hook & Son had recorded a lien in the office of the county clerk of Harrison county on the property; that appellant also claimed a lien for a balance claimed to be due him; that three of the houses had been sufficiently completed to admit of being rented on the 1st of July, 1881, and that rental value of same was $25 each per month; that appellant was holding the property for the purpose of compelling appellee to pay him whatever might be due on the contract, instead of paying it to the parties who had fixed appellee's liability for it as material men; that he had refused to complete the houses, and held them since the 1st of July, 1881; a writ of sequestration was prayed for, and that the amount due, if any, from appellee to Jones be fixed, and ordered to be paid to the party entitled thereto; that the property be delivered to appellee, and that appellee recover of appellant damages for his failure to complete the work, which he claimed to be the contract price, less the fair and reasonable price of completing the work, and that the same be taken into account in estimating the amount due from him to appellant, and for general relief.

A general demurrer to the petition was overruled.

On the trial defendants objected to the reading of the deposition of Miss Neva Armstrong because the notice served on them con-

tained the name of Nettie Armstrong instead, whereupon the plaintiff offered to prove that defendants knew that Miss Neva Armstrong was intended, which was not denied, and the deposition was read.

The jury returned the following verdict on the issues as presented in the petition and charge of the court: "We, the jury, find for the plaintiff against J. E. Jones the sum of ($370.98) three hundred and seventy and 98–100 dollars."

*H. McKay* and *A. Pope*, for appellant.

*James Turner* and *T. P. Young*, for appellee.

WILLIE, CHIEF JUSTICE.— The appellant Jones insists that his general demurrer to appellee's pleadings should have been sustained: 1. Because it was a misjoinder of actions to seek a recovery upon a moneyed demand in a suit for the possession of real estate. 2. Because it was a misjoinder of parties to include such a suit against himself with a suit against his co-defendant, to cancel a lien claimed by the latter upon the property, the possession of which was in controversy.

Waiving all question as to appellant's right to raise these objections on general demurrer, we hold that there was no misjoinder, because the several causes of action grew out of the same transaction, and were so intimately blended with each other that it was almost impossible to have a complete settlement of one without involving a consideration of the others. Jones claimed that he was entitled to possession of the property because Ford had not fully paid the contract price for constructing buildings upon it. Ford claimed that he had not only fully paid Jones, but had also paid others for brick, etc., which Jones was under the contract bound to perform. For these reasons he claimed the right to possess the premises and to recover money from Jones on the very account and in the very transaction in which the latter claimed it from him. If the suit had been for possession only, and the defendant had set up that there was a balance due him under the contract, and that it was to secure this balance that he held the premises, the appellee could have replied that there was no balance due, but that the defendant had been overpaid, and claimed a judgment for the surplus. Why could he not have anticipated the defense and set up in advance such matter and proved such judgment as he was entitled to under the facts?

The court could not determine the right to the possession until it

ascertained how the account stood between the parties, and in doing so was authorized to strike the balance in favor of the party entitled to it, and grant him a recovery against the other. Van Hook's claim was a cloud upon appellee's title and an obstacle to his holding possession in security. The lien claimed by Van Hook, if it existed at all, grew out of the fact that it had been fixed under the mechanic's lien law. If a lien had not been thus secured, appellee was entitled to have all claim to it concluded. To determine this fact it was proper and necessary that Van Hook should be brought into the cause so that he could assert his lien, if just, and if not, that all claim to it should be forever quieted. We think the demurrer was properly overruled.

As to the second error assigned it is sufficient to say that there was no antagonism between the two defendants in the court below. Jones sought no judgment against Van Hook, nor Van Hook against him. Neither sought to assist the plaintiff in his recovery against the other, but the success of either against the plaintiff would have inured in some degree to the benefit of the other. A recovery by Jones would have developed the fact that there was money subject to the payment of his co-defendant's recorded account. A verdict in favor of Van Hook for the value of the material furnished by him would have relieved Jones from a debt which was hanging over him.

Whilst we do not undertake to decide that there may not be cases where the antagonism between co-plaintiffs or co-defendants may not be such as to entitle each to challenge peremptorily six jurors of the panel submitted to them, we do hold that this is not such a case. The interests of the defendants were so nearly identical as to make them in fact constitute but one party in the sense in which that term is used in our jury law; and we are not disposed to revise the discretion exercised by the court below in permitting them to challenge only six of the jurors placed upon the panel.

Under the third, fourth, fifth and sixth assignments of error it is urged that the verdict of the jury was insufficient to warrant the judgment rendered against the appellant Jones. This cannot be sustained if we consider the verdict in connection with the pleadings, the charge of the court and the attitude of the case at the time the judgment was rendered. The pleadings of the parties showed that the principal obstacle in the way of Ford's obtaining possession of his property was the unpaid balance which Jones claimed from him under the contract. If no such balance existed, or the indebtedness was against Jones, appellee was entitled to recover possession as

against the appellant Jones. The judge below placed the matter in this light before the jury, and instructed them, if they should find for the plaintiff, they should return their verdict in precisely the form it was rendered by them. The effect of the charge was that if the plaintiff was entitled to the relief he sought,— which relief was the possession of the premises and a judgment against Jones for the money due him,— then they should find in plaintiff's favor the amount of money due him from Jones. As they responded in the language he had given them for a full finding in favor of appellee, their intention could be none other than a determination of the right of possession in favor of Ford. This court has heretofore held that where a finding of the jury, under the issue submitted to them, could not possibly have been arrived at without also finding another fact not expressed, but necessarily included in the verdict, judgment could be rendered as if that fact had been positively found. Pearce v. Bell, 21 Tex., 691. See, also, Day v. Cross, Austin term, 1883. Under the pleadings in this case and the charge of the court, if Ford owed nothing for the construction of the houses upon the lots mentioned in the pleadings, he was entitled to recover them. Any verdict of the jury, therefore, that negatived such indebtedness, and especially that found it to be in his favor, included a finding that he was entitled to the possession of the property.

As to the rents in the possession of the receiver, these were funds in the custody of the court and subject to its control. The jury had nothing directly to pass upon in reference to them, but indirectly determined what should be done with them in finding their verdict in favor of Ford. If Jones was indebted to Ford at the commencement of the suit, and in nowise entitled to retain the premises, he had no interest in the rents accruing *pendente lite*, and the court correctly directed the money to be paid to the appellee.

In reference to the depositions of Miss Armstrong it is sufficient to say that the objections raised to them went to the manner and form of taking and returning them into court, and should have been reduced to writing, filed, and notice of them should have been given as provided by the statute in such cases. Moreover, it appears from the statement of facts that the appellants knew that the person named in the interrogatories, notice and commission was identical with the person whose depositions were taken, and hence were not in the least prejudiced by the mistake made in the first name of the witness.

The court did not err in refusing the charge asked by appellants. This charge assumed that appellee Ford had taken possession of the

houses in which the sash, etc., furnished by Van Hook, had been placed. The proof is clear that he had not been in possession of them, but was trying to obtain such possession by this very suit. Moreover, there is no proof that Ford knew of any arrangement or contract between Parks and Van Hook as to the purchase of these articles. In order to establish the ratification by a principal of an unauthorized act of his agent, full knowledge on the part of the principal of such act at the time of such supposed ratification must be proved. 18 Tex., 812.

No such knowledge was proved in this case. All the knowledge on the subject shown by the proof was that these articles were put in the houses in pursuance of the contract between Jones and Ford, and under that contract the latter was by no means bound to pay for them when the facts of their purchase were made known to him after he had paid the contractor in full.

It is unnecessary to notice the point as to the conflicting testimony. There is no such preponderance either way as would justify us in disturbing a verdict rendered for either of the parties on that ground.

The matter of taxing costs is left largely in the discretion of the district court. If in the opinion of a party this discretion has been improperly exercised, it is his duty to call it to the attention of the judge below by motion or otherwise; and not until such application has been refused can he complain in this court of the manner in which the costs have been adjudged or apportioned.

There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered October 9, 1883.]