M. B. HARGRAVE v. VAUGHN & CUMMING ET AL.

No. 3239.

1. **Challenges in Civil Cases in Impaneling Jury.**—The statute provides (art. 3084, Rev. Stats.) that "each party to a civil suit in the District Court shall be entitled to six peremptory challenges." And when the issues to be tried between the plaintiffs and the defendants are the same, then there are but two parties to the action, each entitled to six challenges.

2. **Same.**—This general rule is not affected by the fact that the extent of liability of one of several defendants is different from that of the others, where the liability of each depends upon the same facts.

3. **Case Adhered to.**—Hendrick v. Walton, 69 Texas, 192, adhered to, touching nonliability of master for death of a person caused by negligence of servant.

4. **Liability at Common Law for Act of Servant.**—At common law the master would be liable for damages caused by negligence of the servant in the matter of his business; e. g., in this case a parent sued a firm of druggists and their clerk for damages caused by the clerk's negligence in filling a prescription, the medicine as put up causing injury and probably death of child of plaintiff. In such case, the master would be liable for reasonable and necessary costs of medicine, medical attendance, and cost of care of the child made necessary by the negligent act of the clerk.

APPEAL from Hopkins. Tried below before Hon. B. F. LOONEY, Special District Judge.

The opinion states the case.

*J. H. Dinsmore* and *J. A. B. Putman*, for appellant.—1. Where the interests of two or more defendants are so nearly identical as to make them but one party to a suit, in the sense in which that term is used in the jury law, but six jurors can be peremptorily challenged by them. Rev. Stats., art. 3084; Jones v. Ford, 60 Texas, 127; Schmidt v. Railway, 83 Ill., 405.

2. The court erred in its general charge, wherein the jury were instructed that if they believed that the death of said child did not occur from the effects of taking elixir of vitriol they should find for the defendants, when the evidence showed that plaintiffs were entitled to damages outside the death of said child. Where there are more issues than one, and evidence is introduced tending to sustain each, it is error for the court in its charge to restrict the jury to finding upon one only of the several issues. Machon v. Randle, 66 Texas, 282.

*Leach & Templeton*, *King*, *Whittle & Son*, and *E. B. Perkins*, for appellees.—1. Where an action for exemplary damages is brought against two persons, one of them being the principal and the other the agent, and the action is based upon the gross negligence of the agent, it is a good defense for the principal to show that he exercised due care in the employment of the agent.

Where in an action for damages both actual and exemplary damages are sought to be recovered of two defendants, and one of them has a defense to the exemplary damages which is not available to the other, each of the defendants will be entitled to peremptorily challenge six jurors from the panel. Rev. Stats., arts. 3084, 2899–2901; Railway v. Jessee, 2 Ct. App. C. C., sec. 406; Jones v. Ford, 60 Texas, 130; Cleghorn v. Railway, 56 N. Y., 44; Railway v. Hammer, 72 Ill., 347; Brown v. Chadsey, 39 Barb., 253.

2. Where an action is based on the death of another which is alleged to have been caused by the negligence of the defendant, it is proper to make the right to recover to depend upon the fact of the

death caused by such negligence. Railway v. Smith, 65 Texas, 167; Shumard v. Johnson, 66 Texas, 70; Blum v. Whitworth, 66 Texas, 350; Railway v. Casey, 52 Texas, 123.

3. Where the proof shows that the death of the person upon which the action was based was caused by the negligence of an agent of a person who is not the proprietor, owner, charterer, or hirer of a railway, steamboat, stage-coach, or vehicle for the conveyance of passengers, no recovery can be had against the principal unless it is shown that such death was caused by the wrongful act, negligence, or unskillfulness, or default of the principal in employing such agent.

STAYTON, CHIEF JUSTICE.—This action was brought by Hargrave against Vaughn and Cumming, who were partners engaged in the business of apothecaries, and against J. R. Smith, who was their clerk, to recover damages resulting from the fact that the clerk when a prescription was presented to him for medicine not poisonous or hurtful negligently put up and delivered to him a drug, not called for by the prescription, which was poisonous and hurtful, that was administered by appellant to his child, for whom the prescription was made by the physician, in ignorance of the fact that the medicine delivered by the prescription clerk was not that called for by the prescription.

The petition alleged the giving of the poisonous drug to the child; that its sickness and death resulted from this, and claimed damages against all the defendants for loss of services of the child until her majority, she being at the time of her death less than two years old. He also sought to recover the costs of medicines, medical attention, and for services to the child rendered necessary by her illness.

Defendants Vaughn and Cumming excepted to the petition on the ground of misjoinder of causes of action, and on the further ground that it showed no cause of action against them, it appearing therefrom that the injury resulted from the negligence of their agent, but they did not except to so much of the petition as claimed damages for the services of the child from the time intervening the period of her death and time of her majority. They answered by a general denial, and further, that their clerk was a skillful apothecary and a careful man, and that they were not negligent in employing him and in keeping him in their service.

Defendant Smith filed a general demurrer and also a special exception which questioned the sufficiency of the averments of the petition in which negligence was pleaded. He also filed a general denial, and pleaded the statutes of limitation, as had done his codefendants, but there were no grounds for these last pleas.

The court overruled all the exceptions, and when the case was called for trial there were only nineteen of the regular panel of jurors for the term present who were not subject to challenge for cause, and the court

permitted Vaughn and Cumming peremptorily to challenge six of them, and Smith thus to challenge six more. To this appellant objected, and the ruling is assigned as error.

The statute provides, that "each party to a civil suit in the District Court shall be entitled to six peremptory challenges." Rev. Stats., art. 3084. We do not understand that by the word "party" is meant "person," and that in a case in which there are more than one plaintiff or defendant to an action that each will be entitled to six peremptory challenges, but that when the issues to be tried between the plaintiffs and defendants are the same, that then, within the meaning of the statute, there are but two "parties" to the action. The liability of each of the defendants depends on the same fact, though the extent of the liability of one may be greater than can be fixed on the other defendants.

There is no claim made by some of the defendants against another in any event, nor are they shown to have had adversary interests which would be affected by the finding of the jury, and we are of opinion that the court erred in permitting defendants to make more than six peremptory challenges. Jones v. Ford, 60 Texas, 130. As said in case cited, cases may arise in which plaintiffs or defendants may become entitled to more than six peremptory challenges, but this is not such a case, and it does not now become necessary to determine under what circumstances such a right will exist.

The court instructed the jury to find for defendants unless they believed from the evidence that the death of the child resulted from the administration of the poisonous drug, and this is assigned as error.

It is evident, under the averments of the petition, that Vaughn and Cumming were not responsible for any injury to plaintiffs resulting from the death of the child, for it is clear that the statutes on which such actions are based would not render them liable to such an action for the negligence of their agent, though the agent may be liable. Hendrick v. Walton, 69 Texas, 192.

The petition, however, did allege facts which would entitle plaintiff to maintain an action against the masters as well as the servant for injuries caused by the administration of the poisonous drug. It alleged the cost of medicine, medical attendance, cost of care of the child, and other like things which might be recovered under the common law by the parent, without reference to the statute giving actions in certain cases for injuries resulting in death; and as to such causes of action the question whether the child died from the effect of the poisonous drug the parent claims to have administered through the negligence of any or all of defendants, was an unimportant inquiry. If such negligence made it proper and necessary for the parent to incur the expenses and perform the services alleged, then a recovery therefor might be had, although the death of the child may not have been caused by the neg-

ligent act, and the court erred in instructing the jury that the right of plaintiff to recover depended on whether death resulted from the negligent act.

The questions raised by other assignments of error may not arise upon another trial, and it is not deemed necessary to consider them, but for the errors noticed the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 27, 1891.