### CLARKE & COURTS v. REEVES COUNTY.

Decided March 16, 1901.

**Constitutional Law—Counties—Act Disorganizing and Attaching Not a Local Law.**

The Act of 1897 (General Laws 1897, page 205) disorganizing Loving County and attaching it to Reeves County, and providing that the commissioners court of the latter shall audit claims against Loving County and levy and collect taxes on the property in Loving County for their payment, is a general and not a local law within the provision of the Constitution requiring that no local or special law shall be passed unless thirty days' notice of intention to apply for its passage has been first duly published, since the above stated act, though relating to only two counties, deals with the political division of the State, affecting its judicial organization, its taxes, revenues, and school fund.

Appeal from Reeves. Tried below before Hon. W. R. Smith.

*Browning & Madden,* for appellants.

*George Estes* and *Edward & Edwards,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—Clarke & Courts filed this suit in the District Court of Reeves County, on the 13th day of September, 1898, against said county, under the provisions of the act of the Twenty-fifth legislature disorganizing Loving County, on county warrants issued by Loving County, aggregating $3369.55, also an account amounting to $99.10 against said county.

The defendant answered by general and special demurrers raising the question of the constitutionality of the act named, as follows:

"Comes now the defendant, Reeves County, and says there is no power in this court to hear and determine plaintiff's cause of action, because the defendant says this suit is instituted under authority attempted to be given in an act of the Legislature of the State of Texas, entitled 'An act

to provide for the disorganization of the County of Loving, in the State the presentation of said claim to the Commissioners Court of Reeves for judicial and other purposes, and to provide for the assessment and collection of taxes in said county, and for the payment of the outstanding indebtedness of said county,' under which act said suit is brought.

"That said act of the Legislature, in so far as it attempts to authorize the presentation of said claim to the Commissioners Court of Reeves County, or to grant said court the power to audit and establish claims against Loving County, and to assess and collect taxes for the payment of said claims, and to require the county treasurer, assessor and collector of. Reeves County to give new and additional bonds, and to suspend the statute of limitation in said Loving County, is unconstitutional and void.

"Defendant further shows to the court that this suit is prematurely brought, in this: That said original petition filed herein fails to show that said claims were presented to the Commissioners Court of Loving County, and rejected by said court, and there is no valid law authorizing the presentation of said claim to the Commissioners Court of Reeves County, wherefore defendant prays judgment."

The demurrers were sustained, and the suit dismissed, and appellants bring the cause here for revision. The most important question involved here is whether the act of 1897 (General Laws, chapter 143, page 205) disorganizing Loving County and attaching it to Reeves County for judicial and other purposes named in the act is a general or local law within the meaning of our Constitution.

The preamble and first and second sections of the act are as follows: "Whereas, the county of Loving as it now exists is in a disorganized condition, having no county officials resident within the limit of said county, and no taxes have been assessed and collected in said county for the years 1895 and 1896, and a portion of the taxes assessed for the years 1893 and 1894 remain uncollected; therefore:

"Section 1. Be it enacted by the Legislature of the State of Texas, that said county of Loving be and the same is hereby disorganized, and said county is hereby attached to the county of Reeves for judicial and other purposes, until such time as the said (county) shall resume an organized state.

"Section 2. The County Commissioners Court of Reeves County shall hereafter levy a sufficient annual tax, general and special, upon all property subject to taxation, situated in the county of Loving, to liquidate the indebtedness now existing against said county, which taxes shall be assessed and collected in the manner now provided by law for the assessment and collection of taxes in the unorganized counties of this State; provided, also, that all taxes due the State of Texas and such as may be levied for county purposes as herein provided, upon all property situated in said county, for the present year, and for all previous years during which such taxes have not been paid, shall be assessed and collected by the officers charged by law with such duty, to the same effect as

though Loving County had at all times been an (un)organized county attached to the said county of Reeves."

The act then provides that the assessor and collector of taxes and treasurer of Reeves County shall execute addition bonds to the county judge of said county in the sum of $5000 each, to secure the taxes collected and held by them in and for Loving County, and directs what they shall do with such taxes when so collected and received; provides that the books and public records, papers, accounts, and property of Loving County shall pass into the custody of the officers of Reeves County, and that the county judge shall publish notice to all persons holding claims against Loving County to present them to the Commissioners Court of Reeves County for approval or ejection.

Sections 9, 10, 11, and 12 of said act then provide:

"Sec. 9. That all parties now having any claims against or warrant or bond of indebtedness of Loving County, shall, on or before the 1st day December, 1897, present the claim or indebtedness to the Commissioners Court of Reeves County for rejection or approval, and the Commissioners Court of Reeves County shall pass on all such claims, warrants, bonds, and indebtedness in the same manner and order as if they were the commissioners of Loving County, approving or rejected the same in all respects as claims and debentures are now required to be presented for approval or rejection to commissioners courts.

"Sec. 10. That whenever any claim or indebtedness above named shall have been rejected by the commissioners of Reeves County, the owners thereof may have all legal remedies in Reeves County, as fully as if the claim or indebtedness were against Reeves County, the judgment, order, or decree to be against the assets of Loving County only, and to be paid by the proper funds realized upon the property of Loving County.

"Sec. 11. That all existing indebtedness or claims against Loving County which have not been barred for more than two years after this act shall take effect may be presented to the Commissioners Court of Reeves County on or before the first day of December, 1897, for rejection or approval, and shall be passed upon by said Commissioners Court in all respects as if presented at any time not earlier than two years prior to the time of presentation.

"Sec. 12. That the Commissioners Court of Reeves County, after the aforesaid claims have been filed with and approved by them as above provided, shall classify them as provided by law, and they shall levy a sufficient general and special tax as hereinbefore named, not to exceed the limit allowed by law, for each year, to pay all the indebtedness of each class so registered and approved by them, including the expenses authorized by this act; and where legal bonds have been issued to create a sinking fund, keeping each class and the funds belonging to it separate and distinct from every other fund, and out of each fund to pay the claims against such fund only. Where claims filed with and approved

by the Commissioners Court of Loving County are also filed with and approved by the Commissioners Court of Reeves County, they shall be paid in the order registered by and approved in Loving County; provided, they are filed on or before December 1, 1897; otherwise, they shall be paid in the order registered by and approved by the Reeves County Commissionrs."

This act was passed under the emergency clause of the Constitution, by more than a two-thirds vote in its favor in both house and senate, and became a law May 23, 1897. The emergency, as stated in the act, is as follows: "The fact that there can be no taxes assessed or collected, and no court either criminal or civil held in Loving County under the existing condition of affairs, creates an emergency and an imperative public necessity that the constitutional rule be suspended," etc.

The appellant's petition shows a compliance with this act in every particular, so that, if the act is not prohibited by the Constitution, they are entitled to recover judgment establishing their claim against Loving County and to a decree for its payment out of the taxes collected in said county, as provided in section 10 of said act.

Our Constitution provides: "The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law * * * creating offices or prescribing powers and duties of officers in counties * * * regulating the practices or jurisdiction of, or changing the rules of evidence in any judicial proceedings or inquiry before courts, * * * and in all other cases where a general law can be made applicable, no local or special law shall be enacted." Art. 3, sec. 56.

"No local or special law shall be passed unless notice of the intention to apply therefor shall have been published in the locality where the matter or thing to be affected may be situated, which notice shall state the substance of the contemplated law, and shall be published at least thirty days prior to the introduction into the Legislature of said bill, and in the manner provided by law." Art. 3, sec. 57.

Other objectioss are also urged to the act as being violative of the Constitution, but in view of the disposition we shall make of the case, it will not be necessary to discuss them, as we think they are clearly not well taken.

Other objections are also urged to the act as being violative of the and affect only two counties in the State, yet deals with the political division of the State, and with the taxes and revenues of the State, and affects more or less the judicial organization of the State and the State school fund, and incidentally the public school lands of the State, and many other subjects which might be enumerated affecting more or less the interests of the people of the State generally. And where the act operates upon subjects in which the people at large are interested, it is, within the meaning of our Constitution, a general and not a local or special law. Reed v. Rogan, 59 S. W. Rep., 255; Clark v. Finley, 93 Texas, 173; Healey v. Dudley, 5 Lans., 115.

If the act is a general law, then all the other objections urged against it by appellee must fail.

. The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Writ of error refused.