INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY v. BETTIE BINGHAM ET AL.

Decided November 4, 1905.

Jury—Peremptory Challenges—Joint Defendants.

Where the suit was against two railway companies for the value of lost freight and both denied the loss, but each pleaded that if the freight was lost the other was alone responsible therefor, they were each to be considered a party to the suit within the purview of the statute allowing each party to a civil suit in the County Court three peremptory challenges. Rev. Stats., art. 3213.

2.—Same—Harmless Error.

Where it did not appear that the challenges allowed to the defendants were exhausted or that any person objectionable to appellant sat on the jury, the refusal to allow each of the defendants three peremptory challenges was harmless error.

3.—Charge on Weight of Evidence—Loss by Connecting Carriers.

In an action by a shipper against two connecting carriers for the loss of eight barrels of syrup from an alleged consignment of fifty-eight barrels—the consignee having received but fifty barrels—the initial carrier's witnesses testified that the car of syrup, the barrels not having been counted by its agent, was sealed up at once after it was loaded and that the seals were unbroken when it was delivered to the connecting carrier, and that it was impossible for any of the syrup to have been taken therefrom without breaking the seals. The connecting carrier's witnesses testified that the seals were unbroken when it received the car and when it delivered the car to the consignee. Each carrier pleaded that if any syrup was lost, it was due to the negligence of the other. The court charged that if the jury believed that plaintiff delivered fifty-eight barrels to the initial carrier to find against that defendant, with a peremptory instruction to find for the other carrier. Held, on the weight of evidence as between the testimony adduced by the respective carriers.

4.—Carriers—Delivery to Consignee—Connecting Carriers.

Where the consignee of a carload of syrup received the car sealed on the initial carrier's transfer track and had a connecting carrier to transfer and deliver it to the warehouse of another party to whom he had sold it, the shipper, being a stranger to the contract with such connecting carrier, could not recover from it for any loss of part of the freight occurring after her consignee had accepted delivery from the initial carrier.

**5.—Same—Issue Raised—Loss of Goods.**

Evidence held to raise the issue of a loss of goods shipped and whether it occurred on the line of the initial or of the connecting carrier.

Appeal from the County Court of Harris. Tried below before Hon. Blake Dupree.

*Chas. C. McRae,* for appellant.—1. Where there is an issue between two codefendants as to which one is liable for damages to a plaintiff, they are not to be regarded as one party; but they are each entitled to three peremptory challenges in the selection of a jury, even though they may deny that plaintiff has any cause of action against either of them. Texas & P. Ry. Co. v. Stell, 61 S. W. Rep., 981; Waggoner v. Dodson, 96 Texas, 6, 69 S. W. Rep., 993; Jones v. Ford, 60 Texas, 127; Rogers v. Armstrong Co., 30 S. W. Rep., 848.

2. The court erred in its general charge because he assumed the loss of the eight barrels of syrup in question, if the jury found that 58 barrels had been delivered to the International & G. N. Railroad Company at Bingham switch; whereas, even if the jury found that 58 barrels of syrup had been delivered to the defendant, International & G. N. Railroad Company, at Bingham switch, the question as to whether or not eight barrels of said shipment had been lost by said railroad or its codefendant, was a question of fact about which there was conflicting evidence, and which this defendant was entitled to have submitted to the jury.

*Hutcheson, Campbell & Hutcheson,* for appellee Bingham.—The Houston & T. C. and the International & G. N. railroad companies, in the court below, made a common defense against the plaintiff's cause of action; they sought no recovery over against each other, and they therefore constitute one party to the suit, and entitled to but three peremptory challenges of the jury. Sayles' Rev. Stats., art. 3212; Goodfellow Shoe Co. v. Liberty Ins. Co., 28 S. W. Rep., 1029; Wolf v. Perryman, 82 Texas, 112; Allen v. Waddell, 26 S. W. Rep., 273; Hargrave v. Vaughn, 82 Texas, 347.

*Baker, Botts, Parker & Garwood,* for appellee Houston & T. C. Railway Company.—Where goods are shipped from a point on one railroad, which gives a bill of lading undertaking to transport them to another point on its line, but makes no mention of another railroad which had no connection with the goods until they were delivered to the original consignee and sold by him to a third party, after which he directed said second line to switch said goods and to place them at the warehouse of said party, for which it was paid a separate switching charge by the original consignee, said switching line not participating in the original freight charges, an action for the loss of the goods is not maintainable by consignor against said switching line, as there was no privity of contract between them, and such switching line was not a connecting carrier with the initial line. Railway Co. v. Johnson, 11 S. E. Rep., 809; Melbourne v. Railway Co., 6 So. Rep., 762; Express Co. v. Shea, 38 Ga., 519; Richardson v. Railway Co., 45 A. and E. Ry. Cas., 413; Crawford v.

Railway Co., 18 U. S. C. P., 510; Railway Co. v. Railway Co., 56 S. W. Rep., 328.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by appellee against the appellant and the Houston & Texas Central Railway Company in a Justice Court of Harris County upon the following account and statement of claim:

"International & Great Northern Railroad Company and The Houston & Texas Central Railroad Company, to Mrs Bettie Bingham, Dr.

"November 18, 1902. To eight barrels of syrup, delivered to the I. & G. N. R. R., at Bingham Switch, in Brazoria County, for delivery in the city of Houston, over the lines of the I. & G. N. R. R. and the H. & T. C. R. R., value of $15 per barrel.......................$120.

This syrup was consigned to McCullough Bros., of Houston, and shipped in a car with 50 other barrels, 58 shipped and delivered to defendant in all, but only 50 received from the defendants in Houston.

Plaintiff sues both defendants for the value of 8 barrels of syrup lost in transit."

Both defendants answered by general denial and special pleas. The International & Great Northern Railroad Company averred, in substance, that it received a shipment of syrup from appellee at Bingham Switch on the date alleged, for transportation and delivery to McCullough Bros. at Houston, and that after the shipment reached Houston it was, at the request of the consignees, turned over to the Houston & Texas Central Railway Company for transportation to the warehouse of Henke & Pillot, to whom it had been sold by McCullough Bros.; that this defendant had no contract with plaintiff to deliver the shipment at said warehouse, and that it fully complied with its contract to transport same to Houston and deliver it to the consignees, McCullough Bros., and that it delivered all of said shipment of syrup received by it to its codefendant as aforesaid.

The Houston & Texas Central Railway Company specially pleaded: That it contracted with McCullough Bros. to transport the car of syrup in controversy from the transfer track of the International & Great Northern Railroad Company in Houston, Texas, to the Henke & Pillot warehouse, and that in compliance with its said contract it did transport and deliver said car; that it did not receive payment for said services from plaintiff and made no contract with her in regard to said shipment, and that if the shipment suffered any loss it occurred before it was accepted by this defendant, and while it was in the hands of its codefendant.

The trial in the Justice Court resulted in a judgment in favor of plaintiff against both defendants for $92. From this judgment defendants appealed to the County Court, and upon a trial *de novo* therein plaintiff recovered judgment against the International & Great Northern Railroad Company for $120, and judgment was rendered in favor of the Houston & Texas Central Railway Company that plaintiff take nothing by her suit against it, and that it recover its costs.

Appellant's first assignment of error complains of the ruling of the trial court in refusing to allow it three peremptory challenges in select-

ing the jury that tried the cause. Under our statute each party to a civil suit in the County Court is allowed three peremptory challenges of jurors drawn to try the case. Rev. Stats., art. 3213. It is well settled under our decisions that where the interests of co-defendants are antagonistic, each of such defendants is a party to the suit in the sense in which that term is used in the statute, and is entitled to the number of peremptory challenges named in the statute. It is true that in most of the cases in which this rule has been announced one defendant pleaded over against the other, but the rule has not been restricted in its application to cases of this character, and the general principle is established that when, under the pleadings, the jury are required to determine material issues between the defendants, each of the defendants is entitled to the statutory number of challenges. While it is true that in the present case both defendants denied generally that the plaintiff had lost any of her shipment of syrup, and to that extent their defense was common, each contended that if plaintiff sustained any loss the other defendant was alone responsible therefor.

From this it is apparent that if plaintiff's loss should be established by the evidence, the interests of the defendants would at once become antagonistic, and the issue which the jury would then be called upon to determine would be which of them was responsible for such loss. In selecting the jury to determine this issue we think it clear that each of the defendants should be considered a party to the suit in the purview of the statute and entitled to the statutory number of challenges. Jones v. Ford, 60 Texas, 127; Hargrave v. Vaughn, 82 Texas, 347; Waggoner v. Dodson, 96 Texas, 6; Railway Co. v. Stell, 61 S. W. Rep., 981; Rogers v. Armstrong Company, 30 S. W. Rep., 848.

It does not appear, however, from the bill of exceptions or otherwise, that the appellant was probably injured by the error of the court complained of. It is not shown that the challenges allowed appellant by the trial court were exhausted, or that any person objectionable to appellant sat upon the jury. No probable injury being shown by the record, the error must be considered harmless, and the assignment overruled. (Snow v. Starr, 75 Texas, 411; Waggoner v. Dodson, 96 Texas, 6.)

The trial court gave the jury the following instruction: "Gentlemen of the jury: You are instructed, if you believe from the evidence that the plaintiff delivered to the defendant, I. & G. N. R. R. Co., fifty-eight barrels of syrup, and not fifty barrels, then you are instructed to find for the plaintiff amount sued for against I. & G. N. Ry. Co. If you believe, from the evidence, that fifty barrels, and not fifty-eight barrels, of syrup were delivered to defendant, I. & G. N. Ry. Co., then find for the said defendant. You are instructed to find a verdict for the defendant H. & T. C. Ry. Co."

This charge, under the evidence in the case, was clearly erroneous, and appellant's assignment of error complaining of the action of the court in giving it to the jury must be sustained. The evidence adduced by appellee was to the effect that she delivered to the appellant at Bingham Switch for transportation and delivery to McCollough Bros. at Houston 58 barrels of syrup. The agent who received the syrup for shipment and issued the bill of lading therefor testified that he did not

count the barrels, but that after the car had been loaded and as soon as it was turned over to him by appellee's agent, he sealed it, and that when it reached Houston and was turned over to the Houston & Texas Central Railway the seals were unbroken. These facts were testified to by several witnesses. It was shown that after the car was sealed it was impossible for any of the syrup to have been taken therefrom without breaking the seals. The witnesses for the Houston & Texas Central Railway Company testified that the car was sealed when received by that road, and the seals were unbroken when it was delivered at the Henke & Pillot warehouse. It seems to be conceded that when the car was opened by Henke & Pillot it contained only fifty barrels of syrup. The shipment was contracted to be sold by appellee to McCollough Bros., before it was delivered to appellant, but under that contract it was not to become the property of the consignees until it was delivered to them at Houston. They received the car from appellant on its transfer track at Houston, and contracted with the Houston & Texas Central Railroad to transfer or switch it over their line in the city of Houston and deliver it to Henke & Pillot at their warehouse.

Such being the testimony in the case, it was manifestly a charge upon the weight of evidence for the court to tell the jury that if the appellee delivered to the appellant 58 barrels of syrup they must find for appellee. This was in effect saying to the jury that if appellant received 58 barrels of syrup, they must not accept as true the statements of appellant's witnesses that the seals on the car were not broken during the time it was in appellant's possession, and that none of the syrup could have been taken from said car without breaking the seals, but that they should believe the statements to the same effect made by witnesses for the Houston & Texas Central Railway with reference to the condition of said car while it was in the possession of that road.

The instruction to find a verdict in favor of the Houston & Texas Central Railway was properly given, because the undisputed evidence shows that when the shipment came into the possession of that road the title had passed to McCollough Bros., and appellee being a stranger to the contract under which that road received the shipment, was not entitled to recover for any loss or damage occurring thereafter, and not because there was no evidence that the loss occurred on that road.

Whether the loss, if any, occurred upon the one or the other of the roads was an issue raised by the evidence, and should have been left to the jury to determine.

We are also of opinion that, as presented in the record, the evidence raises the issue of whether the eight barrels of syrup were taken from the car after it had been placed therein by appellee's agent and before the car was delivered to and accepted by the appellant, and the special charge requested by appellant presenting this issue should have been given. None of the remaining assignments present any error and they are all overruled.

For the errors before indicated, the judgment of the court below as between appellant and the appellee Bettie Bingham is reversed and the cause remanded. The judgment in favor of the Houston & Texas Central Railway Company is undisturbed.

*Reversed and remanded.*