AGUINAGA v. MEDINA VALLEY IRR. CO.
(No. 47–2715.)

(Commission of Appeals of Texas, Section A.
April 2, 1919.)

DEATH ☞33—NEGLIGENCE OR DEFAULT OF
VICE PRINCIPAL — LIABILITY OF CORPORA-
TION.

Under Rev. St. 1911, art. 4694, subd. 2, a private corporation is liable for wrongful death only where the negligence, unskillfulness, or default is act of its vice principal; and where vice principal was not negligent in directing teamster to travel certain road under the circumstances, and death of plaintiff's wife, riding on top of wagon, was due purely to negligence of teamster in driving of wagon, corporation was not liable.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by Nicolas Aguinaga against the Medina Valley Irrigation Company. Judgment for defendant was affirmed by Court of Civil Appeals (168 S. W. 78), and plaintiff brings error. Affirmed.

J. D. Childs and Jas. W. Brown, both of San Antonio, for plaintiff in error.

West & McMillan and Wm. Aubrey, all of San Antonio, for defendant in error.

STRONG, J. The plaintiff, Nicolas Aguinaga, brought this suit against the Medina Valley Irrigation Company, a private corporation, for damages for the death of his wife. Plaintiff's wife was killed by being thrown from a wagon driven by a teamster named Chipman, who had been instructed by defendant's vice principal, Mitchell, to transport plaintiff's wife and household goods from what was known as the "Big Dam" to the "Little Dam," where plaintiff was at work for defendant. The negligence charged was in failing to have brakes and a light on the wagon, in failing to have a safe and careful driver, in improperly loading the wagon, in proceeding in the nighttime over a rough road, and in failing to route the wagon over another road. The case was submitted to the jury on special issues, and upon the answers thereto the trial court rendered judgment in favor of defendant, which was affirmed by the Court of Civil Appeals. 168 S. W. 78.

The Court of Civil Appeals, in affirming the judgment of the trial court, in effect holds that the answers of the jury to the issues submitted are inconsistent and contradictory, but that under the undisputed evidence the trial court should have instructed a verdict for defendant, and that therefore it is immaterial whether the judgment in favor of defendant could be based on the verdict or not.

We are unable to agree with the honorable Court of Civil Appeals in its holding that the trial court should have instructed a verdict for defendant. The jury found that Mitchell was the vice principal of defendant, and there is ample evidence in the record to support this finding. The negligence of Mitchell, if any, was therefore the negligence of defendant. We are of opinion, however, that the trial court properly rendered judgment for defendant upon the answers of the jury. The jury found that defendant was not guilty of negligence in failing to provide the wagon with brakes and a light, and further found that Mitchell, the vice principal, was not guilty of negligence in directing Chipman to travel the road which he did travel "at the time and under the circumstances shown by the evidence," but found that Chipman was guilty of negligence "in the manner in which he drove and operated the team and wagon at the time of deceased's injuries." These were the only issues of negligence submitted to the jury, and no request was made by plaintiff that any other be submitted. While, as held by the Court of Civil Appeals, some of the answers of the jury to the special issues submitted are inconsistent and contradictory, none are inconsistent with or contradictory to the findings of the jury on the issues of negligence submitted. The trial court, therefore, properly rendered judgment for defendant under the findings of the jury, unless the defendant is liable by reason of the negligence of Chipman in handling the team and wagon at the time deceased was injured.

Plaintiff's action is based upon the following subdivision of article 4694, R. S. 1911, prior to its amendment in 1913 (Vernon's Sayles' Ann. Civ. St. 1914, art. 4694):

"An action for actual damages on account of the injuries causing the death of any person may be brought in the following cases: * * *
"2. When the death of any person is caused by the wrongful act, negligence, unskillfulness, or default of another."

It has been definitely settled that under the above subdivision a private corporation is liable for the wrongful act, negligence, unskillfulness, or default of its vice principal. Oil Co. v. Camp, 105 Tex. 130, 145 S. W. 902; Lumber Co. v. Cooper, 105 Tex. 21, 142 S. W. 1171; Hugo-Schmeltzer Co. v. Paiz, 104 Tex. 563, 141 S. W. 521. In the Hugo-Schmeltzer Case, above cited, it was held that the corporation was liable for the death of a servant, caused by the negligence of its vice principal in directing the servant to release an elevator in a negligent manner, and it is contended that this case falls within the rule announced in that case.

We think the cases clearly distinguishable. In the Hugo-Schmeltzer Case, the vice principal of the corporation was present di-

recting the employés in the use of the elevator. The elevator became fastened in such a way that to release it, except in a certain manner, would cause it to shoot up to the top. The vice principal ordered the elevator to be released in a negligent manner, which caused deceased's injury. There was no negligence of the servant in the manner of releasing the elevator, but the negligence was that of the vice principal in ordering it to be so released. In the instant case, under the findings of the jury, the negligence causing the death of plaintiff's wife consisted, not in the act of Mitchell, the vice principal, in directing Chipman to transport plaintiff's wife at the time and under the circumstances shown by the evidence, but in the manner in which Chipman managed the team and wagon at the time plaintiff's wife was injured. Mitchell, the vice principal, under the findings of the jury, was not guilty of negligence in directing the act to be performed in the manner as directed; but Chipman, the servant, was negligent in the manner in which he performed the act. We think it clear, under the authorities, that defendant cannot be held liable for the negligence of Chipman, who was not a vice principal of defendant, but a mere servant. Oil Co. v. Camp, supra; Lumber Co. v. Cooper, supra; Railway Co. v. Freeman, 97 Tex. 594, 79 S. W. 9, 1 Ann. Cas. 481; Lipscomb v. Railway Co., 95 Tex. 5, 64 S. W. 923, 55 L. R. A. 869, 93 Am. St. Rep. 804; Hargrave v. Vaughn, 82 Tex. 350, 18 S. W. 695; Hendrick v. Walton, 69 Tex. 197, 6 S. W. 749.

We are of opinion that the judgment of the Court of Civil Appeals and that of the trial court should be affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.