RETAIL CREDIT COMPANY et al.,
Appellants,

v.

S. H. HYMAN, Appellee.

No. 13287.

Court of Civil Appeals of Texas.
Houston.

Sept. 18, 1958.

Rehearing Denied Oct. 16, 1958.

Fulbright, Crooker, Freeman, Bates & Jaworski, W. N. Arnold, Jr., Houston, for appellant, Retail Credit Co.

Ingram & Moore, Wharton, Talbert, Giessel & Cutherell, Henry P. Giessel, Houston, for appellant, Walter S. Nelson.

L. L. Duckett, Duckett & Duckett, El Campo, George E. Pletcher, Albert P. Jones, Helm, Jones, McDermott & Pletcher, Houston, for appellee.

BELL, Chief Justice.

Appellee sued the Retail Credit Company and its alleged agent, W. S. Nelson, Jr., for damages resulting to the plaintiff from injuries received by him in a collision between an automobile driven by plaintiff and one driven by Nelson. An original answer was filed by an attorney representing both defendants. It was a joint answer. Thereafter, each defendant, represented by different attorneys, filed separate answers. Each answer, however, contains the same defenses, namely, a general denial and four specified acts of contributory negligence on the part of plaintiff. Liability of Retail Credit Company is predicated alone on the doctrine of respondeat superior. Retail Credit Company filed a petition against Nelson alleging that it did not own the car driven by Nelson and it was guilty of no negligence and if it should be held liable it should be granted judgment over against Nelson. Nelson filed no answer to this cross-action.

Prior to trial plaintiff, under Rule 169, Texas Rules of Civil Procedure, had propounded to both defendants requests for admission of certain facts including the request for an admission that at the time of the collision Nelson was the agent of Retail Credit Company and was operating his vehicle in the course of his employment by Retail Credit Company. Both defendants admitted the truth of such assertions.

At the time the jury was to be selected both defendants moved that the court allow each of them six peremptory challenges because Retail Credit Company had filed a cross-action against Nelson seeking indemnity. This motion was overruled.

After judgment had gone against the defendants in favor of the plaintiff and against Nelson in favor of Retail Credit Company, each defendant filed a motion for new trial, setting up as grounds for new trial, among other things, the action of the trial court in denying to each of the defendants six peremptory challenges, thus

giving the defendants only a total of six such challenges between them.

The court heard evidence on this issue. Mr. Moore, attorney for Nelson, testified that had the court permitted each defendant six strikes that Nelson would have exercised challenges on the jurors Bennie Chudalla and R. L. Bednar. The reason such challenge would have been made was because Chudalla was a Union man and would probably have been antagonistic to a corporation. He would have challenged Bednar for the same reason and additionally because he resided in the area of the County where some of the attorneys for plaintiff resided.

Mr. Arnold, attorney for Retail Credit Company, testified he would have exercised challenges on the jurors Mrs. J. M. Borak and Mrs. W. E. Rauh. He would have challenged Mrs. Borak because she was well acquainted with one of the attorneys for plaintiff who had represented her family in some legal matters. This latter fact was denied by such attorney. He would have challenged Mrs. Rauh because she lived near the plaintiff and attended the same church. Mrs. Rauh had also known one of defendant's attorneys, Mr. Giessel.

All of these persons served on the jury. The defendants exercised the six peremptory challenges allowed by the court.

While there is a statement of facts covering testimony on motion for new trial, there is no statement of facts reflecting the testimony on the trial of the case on its merits.

The sole questions presented by this appeal are whether the trial court committed error in not allowing each defendant six peremptory challenges, and, if there was error, whether it is one that calls for reversal of this case.

Rule 233, T.R.C.P., which was old Article 2148, R.C.S., 1925, unchanged, reads as follows:

"Each party to a civil suit shall be entitled to six peremptory challenges in a case tried in the district court, * * *"

The word "party", as used in the rule, does not mean the same thing as the word "person". Hargrave v. Vaughn, 82 Tex. 347, 18 S.W. 695. The mere fact that there may be multiple parties-defendant does not entitle each person to six peremptory challenges. Whether such defendants are parties within the meaning of Rule 233, so as to be entitled to separate peremptory challenges, depends on whether their interests are, at least in part, antagonistic in a matter that the jury is to be concerned with. To express it otherwise, there must be antagonism between the defendants, or plaintiffs, on a fact issue because the jury is concerned only with fact issues. If the liability of the defendants is legally based on the same ultimate facts, there is no factual antagonism between them. We think this is the effect of many decisions discussing Article 2148 which is now Rule 233. Baldridge v. Klein, Tex.Civ.App., 56 S.W.2d 897, writ dismissed; Jones v. Ford, 60 Tex. 127; Hargrave v. Vaughn, supra; Wolf v. Perryman, 82 Tex. 112, 17 S.W. 772; Waggoner v. Dodson, 96 Tex. 6, 68 S.W. 813; St. Louis, S. F. & T. R. Co. v. Rutland, Tex.Com.App., 292 S.W. 182; Gussett v. Nueces County, Tex.Com.App., 235 S.W. 857; International & G. N. R. Co. v. Bingham, 40 Tex.Civ.App. 469, 89 S.W. 1113.

The fact situations in the cited cases varied but an analysis of the cases showed that there were, under the pleadings, fact issues on which there was antagonism between the defendants.

Appellants seem to urge that the test as to whether there is antagonism between the defendants is whether there is a plea by one defendant over against the other. To this we cannot agree. There still must be considered the question as to whether there

is made by the action over a fact issue as between the cross-plaintiff and cross-defendant. If a pure law question is presented by such plea over, how can it be said there is antagonism between the co-defendants over any fact matter which is the only concern of the jury? As was held by the Court of Civil Appeals in the case of Edwards v. West Texas Hospital, Tex.Civ. App., 107 S.W.2d 729, error dismissed, the determining factor is not whether there is an action over by one defendant against the other. The question is whether there is antagonism on a fact matter upon which the jury may be called to pass.

■ Appellants cite cases in which the rule is stated that the antagonism is determined by the pleadings and they say the plea over against Nelson, of itself, created antagonism between him and Retail Credit Company. To this we cannot agree for the reason that Nelson filed no answer to the cross-action for indemnity so he raised no issue of fact between him and Retail Credit Company. Too, the plea over for indemnity presented a pure question of law that was the sole concern of the court.

■ Appellants seem also to urge that there was at least antagonism between the defendants because the pleading of Retail Credit Company put in issue the fact of agency and scope of employment. It is to be noted, however, that at the time the jury was to be empaneled, and the court was called upon to rule on the motion, there was no antagonism on these fact issues because both defendants had admitted agency and scope of employment in their answer to appellee's request for admissions, thus legally withdrawing these issues from the jury at a time prior to the empaneling of the jury.

We, therefore, hold the court did not err under the facts of this case in denying each defendant six peremptory challenges.

■ While confident there was no error in the court's action, if it could be said there was error, we cannot say it was reversible error. If error be committed in the trial of a case, it will be held harmless unless the appellants prove to the reviewing court that it was an error which was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Rule 434, T.R.C.P. To determine whether any error probably caused the rendition of an improper verdict, a court must look to the whole record of the trial. Since we have no statement of facts on the merits of the case, we are unable to say the denial of the six challenges to each appellant probably caused the rendition of an improper judgment. The facts may have been so overwhelmingly in favor of plaintiff that any judgment against him could not stand.

We have read every case cited by each party. We find nothing in appellants' cases contrary to what we have held. None of those authorities hold the mere filing of a cross-action created antagonism between the defendants. In those cases cited by appellants, where a cross-action was filed antagonism existed by reason of issue being joined on a fact issue raised by the cross-action, or, apart from the cross-action, there was under other pleadings some antagonism between the defendants on a fact issue.

While it is true here that Retail Credit Company, by its pleadings of a general denial, was asserting Nelson was not its agent and was not acting within the scope of his employment, by the admission of both defendants under Rule 169, T.R.C.P., this alleged antagonism had been legally removed from the realm of a disputed fact at a time prior to the selection of the jury, so there was no matter to be submitted to the jury in which there was antagonism between the defendants.

The judgment of the trial court is affirmed.