Frances M. TAMBURELLO et al., Appellants,

v.

Carl A. WELCH, Appellee.

No. 4267.

Court of Civil Appeals of Texas.

Waco.

Oct. 22, 1964.

Rehearing Denied Nov. 12, 1964.

Talbert, Giessel, Cutherell, Barnett & Stone, Robert O. Campbell, Houston, for appellant.

James P. Wallace, Houston, for appellee.

McDONALD, Chief Justice.

This is an appeal from a judgment for plaintiff for $9,258.25 jointly and severally against two defendants in an automobile collision case.

Plaintiff Welch brought suit against defendants Tamburello and Crutchfield for damages sustained in a 3-car collision. Plaintiff alleged that the collision was the direct and proximate result of negligence of both defendants. Defendant Crutchfield answered, denying the accident was caused by any negligence on his part, and alleged it was caused by plaintiff's own negligence. Defendant Tamburello answered that the collision was caused by the negligence of defendant Crutchfield, and not by any negligence on her part.

Both defendants requested the Trial Court to allow each defendant six separate peremptory challenges, which request the Trial Court denied.

Trial was to a jury which found both defendants guilty of separate acts of negligence proximately causing plaintiff's damage. The Trial Court entered judgment for plaintiff against both defendants upon the verdict (after allowing a $241 remittitur filed by plaintiff).

Defendants appeal, contending the Trial Court erred in refusing to give six per-

938

emptory jury challenges to each defendant.

■ Rule 233, Texas Rules of Civil Procedure provides that each party to a civil suit shall be entitled to six peremptory challenges in a case tried in the district court. The word "party" as used in the rule does not mean the same thing as the word "person." Whether two defendants are parties within the meaning of Rule 233 so as to be entitled to separate peremptory challenges, depends on whether their interests are, at least in part, antagonistic in a matter that the jury is to be concerned with. The question, therefore, is whether there is antagonism on a fact matter upon which the jury may be called to pass. Retail Credit Co. v. Hyman, C.C.A., er. ref., 316 S.W.2d 769.

■ Error, if present, of denying each defendant six peremptory challenges, is not reversible unless the record reflects that it was an error reasonably calculated to cause, and probably did cause the rendition of an improper judgment. Rule 434, T.R.C.P. To determine whether any error probably caused the rendition of an improper judgment, the reviewing court must look at the whole record of the trial. The burden to show harm is upon the appellants. Their only effort here was to state that if given the three each additional peremptory challenges, they would have struck certain jurors who sat on the case. No reason was given or developed on motion for new trial as to why such jurors would have been struck, or that they were biased, prejudiced, or that they did not render an impartial verdict. Appellants have shown no harm. Retail Credit v. Hyman, C.C.A., ref., 316 S.W.2d 769; Texas Emp. Ins. Ass'n. v. Shropshire, C.C.A. (n. r. e.), 343 S.W.2d 772.

■ Defendant Crutchfield further contends that the Trial Court erred in awarding plaintiff $1028.25 damages for future pain and suffering in that there was no evidence to sustain such finding. Plaintiff testified he had a constant dull ache in his ankle and recurring pain in his knee as a result of the injuries he received in the accident. He further testified he had only gradual improvement over a year's period. We think such evidence sufficient to sustain the finding and judgment. The jury is the judge of the facts proved, and also of inferences to be drawn therefrom. McElroy v. Luster, C.C.A., ref., 254 S.W.2d 893; Jacobe v. Goings, C.C.A., er. dis., 3 S.W.2d 535; Lockley v. Page, 142 Tex. 594, 180 S.W.2d 616.

All of defendants' points and contentions have been considered and are overruled.

The judgment of the Trial Court is affirmed.