Frances M. TAMBURELLO et al., Petitioner,

v.

Carl A. WELCH, Respondent.

No. A–10499.

Supreme Court of Texas.

June 2, 1965.

Rehearing Denied July 7, 1965.

---

Talbert, Giessel, Cutherell, Barnett & Stone, Houston, for petitioner Tamburello.

Robert O. Campbell, Houston, for petitioner Crutchfield.

Bray & Wallace, Houston, for respondent.

WALKER, Justice.

This case arose out of a three-car collision. The only question to be decided is whether the trial court's refusal to allow each of the defendants six peremptory challenges constitutes reversible error. Judgment was rendered on the verdict in favor of Carl A. Welch, plaintiff, against Clarence E. Crutchfield and Miss Frances M. Tamburello, defendants, jointly and severally, for $9,258.25. The Court of Civil Appeals affirmed, holding that the error, if any, was harmless. 383 S.W.2d 936.

The accident occurred at the intersection of North Shepherd Drive and 28th Street in the City of Houston. Plaintiff was driving south on Shepherd, which is a through street. Vehicles traveling in either direction on 28th Street are controlled by stop signs at its intersection with Shepherd. Crutchfield had been driving east on 28th Street, but the evidence is conflicting as to whether Miss Tamburello was going west on 28th Street or north on Shepherd just prior to the accident. There was first a collision between the automobiles of the two defendants, and the Tamburello vehicle then swerved into the west traffic lane of Shepherd Drive and ran head-on into the plaintiff's car.

Plaintiff alleged that each of the defendants was guilty of a number of negligent acts and omissions which were a proximate cause of the collision. Crutchfield answered with a general denial and pleas of contributory negligence, new and independent cause, and unavoidable accident. Miss Tamburello also interposed a general denial and further alleged that the accident was caused solely by the negligence of Crutchfield. Defendants moved that they each be allowed six peremptory challenges. Since neither of them had prayed for affirmative relief against the other, the trial court concluded that there was no conflict of interest justifying additional strikes. The motions were accordingly overruled.

Rule 233, Texas Rules of Civil Procedure, provides that each party to a civil suit tried in district court shall be entitled to six peremptory challenges. In Retail Credit Co. v. Hyman, Tex.Civ.App., 316 S.W.2d 769 (writ ref.), it was pointed out that the "word 'party', as used in the rule, does not mean the same thing as the word 'person'. Hargrave v. Vaughn, 82 Tex. 347, 18 S.W. 695. The mere fact that there may be multiple parties-defendant does not entitle each person to six peremptory challenges. Whether such defendants are parties within the meaning of Rule 233, so as to be entitled to separate peremptory challenges, depends on whether their interests are, at least in part, antagonistic in a matter that the jury is to be concerned with."

Parties on the same side of the docket may be entitled to separate peremptory challenges even though no affirmative relief is sought by one against the other. The plaintiff here charged each of the defendants with different acts of negligence, and the jury by its answers might have acquitted one defendant of negligence and found that the other was responsible for the collision. Miss Tamburello alleged that the negligence of Crutchfield was the sole cause of the accident, and the defendants also advised the trial court that they were each claiming that the accident was caused solely by the negligence of the other. Their interests were clearly antagonistic on some of the issues submitted to the jury, and it is our opinion that the trial court erred in denying them six peremptory challenges each. See St. Louis, S. F. & T. Ry. Co. v. Rutland, Tex.Com.App., 292 S.W. 182; Kincaid v. Chicago, R. I. & G. Ry. Co., Tex. Civ.App., 119 S.W.2d 1084 (writ dis.); Edwards v. West Texas Hospital, Tex.Civ. App., 107 S.W.2d 729 (writ dis.); International & G. N. R. Co. v. Bingham, 40 Tex. Civ.App. 469, 89 S.W. 1113, (no writ).

Whether the error is such as to require a reversal of the trial court's judgment is a more difficult question. Even before the adoption of the Rules of Civil Procedure, a refusal to allow the proper number of peremptory challenges was regarded as immaterial in the absence of a showing that the party affected was required to accept one or more jurors whom he wished to challenge. See Wolf v. Perryman, 82 Tex. 112, 17 S.W. 772; Snow v. Starr, 75 Tex. 411, 12 S.W. 673. Rules 434 and 503 now provide that no judgment shall be reversed and a new trial ordered for an error of law committed in the course of the trial unless the appellate court is of the opinion that the error was reasonably calculated to and probably did cause the rendition of an improper judgment.

Each of the defendants in the present case exhausted the three peremptory challenges allowed them by the trial court. At the hearing on the motion for a new trial, the attorney for each defendant testified that if given an opportunity to do so he would have struck three jurors who served on the case. They made no attempt, however, to give their reasons for wishing to challenge such jurors, and did not offer any proof indicating that the individuals named by them were biased, prejudiced, or failed to render an impartial verdict. Plaintiff says that the defendants could have stated why they wanted to strike these particular members of the panel, and that it was also incumbent upon them to establish that the six jurors were prejudiced and that their sitting on the case probably caused the rendition of an improper judgment.

 The harmless error rule undoubtedly applies where a party is denied the number of peremptory challenges to which he is entitled. As a practical matter, however, the appellant will usually be unable to show that an improper judgment probably resulted from an error of this nature. In that respect the case is somewhat similar to Heflin v. Wilson, Tex.Civ.App., 297 S.W.2d 864 (writ ref.), where the members of the jury panel had been selected by the jury-commission method rather than by use of the jury wheel. After holding that the appellant's motion to quash the panel should have been sustained, the court said:

"It would be impossible for appellant to demonstrate with any degree of certainty that he in fact suffered injury as a result of the manner in which the jury panel was selected, and he has made no effort to show specific harm or injury, but we think that harm within contemplation of the so-called harmless-error rule and Rule 434, T.R.C.P., must be presumed in the circumstances, if such rule or rules can be said to be applicable to the situation at all. Approval of the judgment would be tantamount to denying appellant his con-stitutional right of a trial by jury, because trial by a jury that has at least been selected in substantial compliance with law is what is guaranteed him by both the federal and our state constitutions. There was no substantial compliance with the law in this instance."

 The Heflin case may well be distinguishable, as plaintiff insists, on the theory that a right guaranteed by our Constitution and statutes was there involved, while here we are concerned with peremptory challenges authorized by Rule 233. It is no less difficult, however, to satisfy the literal requirements of Rules 434 and 503 in one case than in the other. If defendants must establish that the error in denying them additional challenges probably caused the rendition of an improper judgment, the matter of peremptory challenges will rest almost entirely in the uncontrolled discretion of the trial judge. It is not realistic, moreover, to let affirmance or reversal turn on the attorney's reasons for wanting to strike a particular member of the panel. The right to eliminate a prospective juror for any reason that seems adequate to counsel is the very essence of the peremptory challenge. Members of the panel who are not prejudiced in a legal sense may be and frequently are challenged because of their background, associations, appearance or demeanor. The decision to strike is, in the last analysis, a matter of personal judgment usually based in large measure upon intangibles not susceptible of precise description and which cannot be fairly appraised by a trial or appellate court. A litigant who is denied the right to challenge on that basis is deprived of a valuable means, guaranteed him by law, of insuring that the controversy is decided by a jury whose members are not predisposed by reason of temperament or prior experience to look with disfavor upon his side of the case.

In Texas Employers' Ins. Ass'n v. Mc-Caslin, 159 Tex. 273, 317 S.W.2d 916, we observed that an action or occurrence may be so highly prejudiced and inimical to the fairness of a trial that the burden of going

forward with proof is met, prima facie at least, by simply showing the improper act and nothing more. It was also pointed out that the burden of the complaining party is met by showing that the trial which resulted in a judgment against him was materially unfair. The opinion includes a quotation from Cloudt v. Hutcherson, Tex. Civ.App., 175 S.W.2d 643 (wr. ref. w. m.), where the court said:

"We cannot believe the Supreme Court [in adopting Rule 327 dealing with jury misconduct] intended to relinquish its power and duty to see that the right of trial by jury remain inviolate and to protect its purity and efficiency. * * * Where it reasonably appears that the trial was materially unfair, the judgment should be reversed."

 We think this is the proper approach to the question of harm in the present case. If a party is improperly denied a single challenge to which he is entitled, the trial may not be so unfair as to warrant a reversal in the absence of some additional showing of prejudice. On the other hand a judgment could not be permitted to stand where one of the litigants has been allowed no peremptory challenges at all. The evidence in this case is sharply conflicting. Crutchfield testified that he stopped before entering the intersection and then attempted to turn north on Shepherd. He claimed that Miss Tamburello was driving west on 28th Street and entered the intersection without stopping. According to her testimony, she was driving north on Shepherd, and Crutchfield negligently entered the intersection directly in her path. The record contains no evidence of any physical facts indicating which of these versions is correct. If each of the defendants had been allowed six peremptory challenges, the jury would have been composed of six persons who served on the jury and six other members of the panel who did not. A jury so constituted might well have exonerated one of the defendants entirely, and it is our opinion that the trial was so materially unfair that the judgment cannot be upheld.

The judgments of the courts below are reversed, and the cause is remanded to the district court for a new trial.