CITIZENS RAILWAY & LIGHT COMPANY v. L. P. JOHNS ET AL.

Decided December 5, 1908.

**1.—Street Railway—Abandoned Track—Obstructing Street.**

The owner of a street railway, though he has abandoned its operation, is liable for damages to one using the street occasioned by the track being left in such condition as to become an obstruction and cause injury.

**2.—Obstructing Street—Negligence—Notice.**

Evidence considered and held sufficient to show notice to the company owning an abandoned street car track of the fact that it was in bad condition and obstructing the use of the street, in an action against the company for negligent injury by causing such obstruction.

**3.—Evidence—Impeachment—Collateral Issue.**

A plaintiff in a suit for personal injuries who has been cross-examined in regard to and has denied having attempted fraud in previous claims of that character, cannot be contradicted on such point, it being a collateral issue.

**4.—Jury—Challenge—Defendants Consulting.**

There was no error in the refusal of the court to permit counsel for several defendants to consult together over the exercise of the right of peremptory challenge to jurors allowed to each as distinct and hostile parties.

**5.—Codefendants—Number of Challenges.**

Two street railroad companies being defendants in an action for damages caused by obstruction of the use of the street by a track, no error appeared in a refusal of the court to allow to each the number of peremptory challenges permitted to a party, where the evidence on the trial disclosed that they had no interests hostile to each other, one party having before the injury sold the track to the other and being held to be relieved thereby from liability.

**6.—Streets—Negligence—Charge.**

Instructions in an action for negligent injury to one using a public street by the maintenance of a street car track therein in such manner as to obstruct travel, held to define properly the care required of the city and of the company owning the track.

**7.—Charge—Street Railway—Liability to City—Harmless Error.**

Where the ordinance granting a street railway company permission to lay its tracks in a public street required it to keep the track in good repair and on a level with the surface of the street, it was proper to charge, in a suit against the city and company for personal injuries arising from a failure to keep it in such condition, that the city was entitled to recover over against the company so in default any amount of damages awarded against it. At all events error in such charge would be harmless where no recovery was awarded against the city.

**8.—Street Railway—Abandonment of Tract—Negligence.**

A street railway company laid tracks in a public street under an ordinance requiring it to keep same level with the surface of the street, but failed to acquire the franchise granted by the ordinance by completing the construction required, and abandoned all use of its track, but not its property therein. Held that such company and its grantee, to which it had sold its property in the track so laid, were liable, both under the ordinance and at common law, for an injury occasioned to one using the street by failure to maintain the track in such condition as not to obstruct the use of the street by the public.

**9.—Same—Charge.**

Requested instructions relieving a street railway company from liability for failing to maintain a track laid by it in a public street in proper condition for the use of the street by the public in case the franchise had been lost and the property in the track abandoned by such owner, held properly refused because the evidence failed to show such an abandonment of the right of the property in the track by defendant.

**10.—Charge—Negligence—Notice.**

A charge as to the liability of a street railway company for negligence in the proper maintenance of its track was not ground for reversal, though omitting to require notice to defendant of the bad condition of the track, where the evidence showed such notice and no special instruction was requested on the subject.

**11.—Contributory Negligence—Requested Charge.**

Instruction on the subject of contributory negligence by one using a public street and injured by an obstruction therein caused by a street railway track, held to properly submit the issue and justify the refusal of further instructions thereon specially requested by defendant.

**12.—Damages—Physicians' Bills—Pleading.**

It seems that an allegation that plaintiff by the personal injuries for which recovery was sought had been compelled to pay out an amount named for physicians' bills is sufficient, in the absence of special exception, to admit evidence that such bills had been paid and that they were reasonable in amount.

**13.—Damages—Charge—Undue Prominence.**

An instruction permitting the jury to consider miscarriage of an injured

woman in determining the amount of damages, is not erroneous as giving undue weight to, that element of damages.

**14.—Damages not Excessive.**

Evidence considered and held to support a recovery of $2,500 as damages for personal injuries.

ON REHEARING.

**15.—Jury—Bill of Exceptions.**

A bill of exceptions to the action of the court in refusing to permit co-defendants to consult and act together in making the challenges allowed to each does not disclose prejudice to defendants by such ruling where it fails to show that any juror was accepted who would have been challenged had such conference been allowed.

Appeal from the District Court of Tarrant County. Tried below before W. T. Simmons.

*Flournoy, Smith & Storer,* for appellant.—Plaintiff L. P. Johns' right to recover depending solely on the jury's belief of his own statement as to how the injury occurred, the court should have admitted the evidence offered by appellant to the effect that plaintiff had previously tried to obtain money from appellant through a false statement to the effect that he had been ruptured by appellant, for the reason that such evidence showed bias and hostility on the part of witness against appellant, and a disposition to defraud it, all of which was important for the jury to consider as bearing on the credibility of his testimony. Ingersoll v. McWillie, 30 S. W., 56; Ingersoll v. McWillie, 87 Texas, 647; Wentworth v. Crawford, 11 Texas, 132; Lumber Co. v. Denham, 88 Texas, 208; Texas & Pacific Ry. Co. v. Brown, 78 Texas, 401; 1 Greenleaf, sec. 460; Underhill on Evidence, sec. 354b; Evansich v. Gulf, C. & S. F. Ry. Co., 61 Texas, 27; Daffan v. State, 11 Texas App., 79; 1 Thompson on Trials, sec. 450; 2 Encyclopaedia of Evidence, 408; Missouri, K. & T. Ry. Co. v. McGlamory, 34 S. W., 361.

The witness Johns having been asked on cross-examination if he had not tried to collect money from appellant on a representation that appellant had ruptured him, which representation was false, and he having answered in the negative, it was competent for appellant to prove that he did so, by the witness Voss. Texas & P. Ry. Co. v. Brown, 78 Texas, 401; 2 Ency. Evidence, 408; Donahoo v. Scott, 30 S. W., 386; Missouri, K. & T. Ry. Co. v. McGlamory, 34 S. W., 361; Underhill on Evidence, sec. 354b.

It was reversible error for the court to prohibit appellant's attorneys from consulting with the attorneys of its codefendant, the City of North Fort Worth, in regard to the jury list and in regard to striking jurors therefrom on peremptory challenges, it appearing that on account of such refusal by the court certain persons were allowed to remain on the jury who otherwise would have been challenged peremptorily by appellant. Banks v. San Antonio & A. P. Ry. Co., 97 Texas, 213.

There being no contract that would entitle the city to a judgment over against appellant, and the wrong, if any, of appellant being an act of omission only and similar in its nature to the wrong, if any, of the city, the latter was not entitled to a judgment over against appellant. Galveston, H. & S. A. Ry. Co. v. Nass, 94 Texas, 255; City of

San Antonio v. Smith, 94 Texas, 266; City of San Antonio v. Talerico, 98 Texas, 151.

There being evidence to the effect that appellant abandoned the rails and ties in question prior to the time of the alleged injury and asserted no ownership or control over same at the time of such injury, it was error for the court to charge the jury that it was the duty of appellant to use ordinary care to keep such rails and ties in a reasonably safe condition, if they should believe that the ownership of said track and ties passed to appellant by the transfer from the Rosen company. 1 Cyclopaedia of Law, 4, 7, 8; Staples v. Dickson, 88 Me., 362; Hollingsworth v. Holshousen, 17 Texas, 49; North Am. Ex. Co. v. Adams, 104 Fed., 405.

As the repairing by the Citizens Company of the alleged defect resulting in plaintiff's wife's injury would have required an alteration in the surface of the street, and as the City of North Fort Worth had exclusive control over the streets, it was not proper for the court to charge the jury that the duty to repair rested upon the Citizens Company in the absence of evidence of permission or instruction from the city to make such alteration in the street surface. Sayles' Texas Civil Statutes, art. 419; French v. Jones, 191 Mass., 522; City of Llano v. Llano County, 5 Texas Civ. App., 132.

The Citizens Company not being obligated by any contract to repair the street or track in question, and not having placed said track upon said street and not having any franchise or right to use the track upon such street, and never having in fact used the same or exercised any dominion or jurisdiction over the same, there was no duty devolving upon it to keep the street where said rails were situated in a reasonably safe condition, and it was error for the court to charge that such duty devolved upon it as a consequence of the mere ownership of the rails. Elliott on Roads and Streets, sec. 772; Galveston City Ry. Co. v. Nolan, 53 Texas, 139; Houston St. Ry. Co. v. Delesdernier, 84 Texas, 82; Houston City Ry. Co. v. Richart, 27 S. W., 918; Houston City St. Ry. Co. v. Medlenka, 17 Texas Civ. App., 621; Laredo Electric & Ry. Co. v. Hamilton, 23 Texas Civ. App., 480; McLaughlin v. Trac. Co., 34 Atl., 863; People v. Chicago etc. Ry. Co., 67 Ill., 118; St. Ry. Co. v. Limburger, 88 Texas, 79.

The Citizens Company not having constructed the track in question nor used nor exercised any dominion over it, and having no right to operate it, it was error for the court to charge the jury that the Citizens Company owed any duty of repair as to said track, or the street where same was situated, without at least submitting as a condition of liability that the jury should first find that the Citizens Company knew, or was presumed from the circumstances to have known, of the alleged dangerous condition of the track. Wenzlick v. McCotter, 87 N. Y., 122; 1 Am. Rep., 358; Staples v. Dickson, 88 Me., 362; Ahern v. Steele, 115 N. Y., 203; 12 Am. St. Rep., 778; Crommelin v. Coxe, 30 Ala., 318; 68 Am. Dec., 120; Woram v. Noble, 41 Hun., 398; Freeman's Note to Plumer v. Harper, 14 Am. Dec., 333; Morris Canal & B. Co. v. Ryerson, 27 N. J. Law, 458; Conhocton Stoneroad Co. v. Buffalo, N. Y. & E. Ry. Co., 51 N. Y., 573; 10 Am. Rep., 646; Walter v. County Com. of Wicomico County, 35 Md., 385; Bruce

v. State, 87 Ind., 450; Rychlicki v. City of St. Louis, 115 Mo., 662;
Sloggy v. Dilworth, 38 Minn., 179; 8 Am. St. Rep., 656; Graham v.
Chicago, I. & L. Ry. Co. (Ind.), 74 N. E., 541; Groff v. Ankenbrandt,
124 Ill., 51; 7 Am. St. Rep., 342; Johnson v. Lewis, 13 Conn., 303;
33 Am. Dec., 405; Grigsby v. Clear Lake Water Co., 40 Cal., 407;
Laredo Electric & Ry. Co. v. Hamilton, 23 Texas Civ. App., 480; Mc-
Laughlin v. Trac. Co., 34 Atl., 863; Houston St. Ry. Co. v. Medlenka,
17 Texas Civ. App., 621.

The court erred in instructing the jury that they might compensate
plaintiff for such physician's bills as were reasonable which he had paid
or incurred in the necessary treatment of his wife for her injuries, for
the reason that there was no allegation in the petition to the effect that
any reasonable physician's bills were paid or incurred by him.   The
court instructed the jury, in assessing the damages, to allow for "such
physician's bills as were reasonable, which he may have paid or incurred,
if any, in the necessary treatment of his wife for such injuries."   The pe-
tition alleges that plaintiff "was compelled to pay out and incur for
physician's bills and medicine, for the necessary treatment of his wife's
said injuries, to wit: the sum of $100."   These bills were nowhere
alleged to be reasonable.   Dr. Cleveland testified: "My bill for the
services was $21 or $22, which I consider a very reasonable bill."

The court erred in charging the jury that in fixing the amount of
damages they might take into consideration the miscarriage of plain-
tiff's wife, for the reason that the same is a charge upon the weight of
the evidence and gives undue prominence to such miscarriage, if any,
to the jury, and singles out or emphasizes one element of damages
claimed.

*McCart, Bowlin & McCart,* for appellee.—The court did not err in
refusing to permit appellant to contradict appellee Johns by the witness
Voss, because said matter was collateral to and in no manner connected
with the case on trial, and a witness can not be contradicted in a col-
lateral matter, for the purpose of discrediting his testimony, and said
evidence was wholly irrelevant and immaterial to any issue in the case
on trial. Dimmitt v. Robbins, 74 Texas, 445; Gulf, C. & S. F. Ry. Co.
v. Johnson, 83 Texas, 633; Texas & P. Ry. Co. v. Dishman, 41 Texas
Civ. App., 250; Johnson v. State, 22 Texas App., 223; Green. Dig.,
p. 11487, sec. 173.

The record now shows that the Rosen Company and Citizens Com-
pany were not entitled to separate challenges, because the evidence dis-
closed conclusively that the Rosen Company had sold the railroad track
in question to the Citizens Company and had ceased any control over
it before the accident, and as to this there was no contest as between
the two companies, therefore they were not entitled to separate chal-
lenges.   And further, said defendants did not plead over against each
other nor against the city, but joined in a common answer against plain-
tiff, and should have been allowed but six challenges between them.
Sweeney v. Taylor Bros., 41 Texas Civ. App., 365.

It was not error for the court to charge the jury to find for the city
over against appellant, in the event that it returned a verdict in favor
of appellee against the city, but as the jury found in favor of the city,

if such charge was error, no possible injury, that we can see, was done appellant. San Antonio Gas Company v. Singleton, 24 Texas Civ. App., 341; City of Fort Worth v. Allen, 10 Texas Civ. App., 488; City of Corsicana v. Tobin, 23 Texas Civ. App., 492.

The theory upon which the case was tried as related to appellee, was that if the Rosen Company, so called for convenience, in an endeavor to acquire a franchise over the street in question for street railway purposes, constructed a railway track on said street four rails in length, as shown by the evidence, that it was the duty of said company, at common law, and under the ordinance in evidence, to use ordinary care to keep said track in a reasonably safe condition for travel over the street, while it permitted its property, namely, the rails and ties, its railway, to remain in said street, and it having sold all its property, rights, privileges and franchises, including the track in question to the Citizens Company, appellant herein, that it owed the same duty to the public while it permitted its property, the railway track in question, so acquired from the Rosen Company, to remain in the street in question. There was no evidence whatever, of any probative force, to establish the contention that either appellant or the Rosen Company had abandoned the property in the street railroad in question. Dallas City v. McCullough, 95 S. W., 1121; Davis v. Austin, 22 Texas Civ. App., 461; 4 Green. Dig. sec. 478, et seq.; 1 Thompson Neg., 1190, 1199, 1238, 1310, et seq.; 7 Id. (Supp.), sec. 1200; 6 Thompson Neg., 7638; 2 Thompson Neg., 1353, 1360, 1356, 1358, 1359, and corresponding sections in Vol. 7; 21 A. & E. C. L., 720, and notes.

The court did not err in charging the jury that if it found for plaintiff that it could compensate him for the physician's bills incurred by him in treating his wife for her injuries, because the evidence showed that he incurred such bills and that the same were reasonable and necessary, and the allegations in plaintiff's petition as to such were sufficient, no special exception having been urged by appellant to same, and the failure of the petition to allege the matter any fuller than was done was cured by the verdict.

PRESLER, ASSOCIATE JUSTICE.—Appellee brought this suit in the court below against appellant, Citizens Railway & Light Company (hereinafter for convenience styled Citizens Company), and Fort Worth & Rosen Heights Street Railway Company (hereinafter styled the Rosen Company) and the city of North Fort Worth (hereinafter styled the city), defendants, for damage to his wife, the charging part of his petition, as far as necessary to state, being as follows: "That heretofore, to wit, on the 26th day of June, 1907, and long prior thereto, the defendants owned, kept and maintained and negligently permitted to be kept and maintained a nuisance, to wit, dangerous obstructions, to wit, certain old street car track rails and ties, the same protruding about six inches above the surface of the earth, in a certain public street and highway within the corporate limits of the said city of North Fort Worth, to wit, Central Avenue, and that on the day and year last aforesaid plaintiff was driving in a wagon along said street and highway, accompanied by his wife, Mrs. Ella Johns, and while exercising due care for their safety, the wheels of said wagon came in contact with one of said

rails so protruding above the surface of the earth, and by reason of the collision and impact caused thereby, plaintiff's said wife was thrown violently against the back of the seat upon which they were riding, breaking same and violently throwing plaintiff's said wife backward over and across said seat and onto and across the sideboard of said wagon," etc.; and then alleging serious injuries to his said wife. The appellant answered jointly with the Rosen Company by general demurrer, general denial and plea of contributory negligence upon the part of appellee. The defendant the city of North Fort Worth answered separately from the other two defendants by general demurrer and denial, plea of contributory negligence on the part of appellee, and pleaded over against the other two defendants and asked for judgment against said defendants for any amount which plaintiff might recover of it. Plaintiff obtained a verdict, upon which judgment was rendered in his favor, for $2,500 against the Citizens Company, the verdict and judgment, however, being in favor of the Rosen Company and the city. From this judgment appellant prosecutes this appeal and here assigns error.

The case appears to have been tried in the court below on the theory, as concerned appellee as against this appellant, that if appellant owned the street railway track in question, it was its duty to keep the part of the street occupied by it and adjacent to the rails in a reasonably safe condition for public travel, regardless of whether appellant was actually using the track for street car purposes or not, the assumption being that this was a common law duty, as well as a duty imposed by the ordinance in evidence, upon appellant's part, and the case was submitted to the jury by the charge of the court upon that theory.

The main contention of appellant, upon which it seeks to avoid liability in this case, is that if the Rosen Company, after placing the railway track in said street, had abandoned same, or that if appellant after acquiring said track had abandoned it and not used it, neither of the said companies would be liable, on the theory that a corporation can construct a line of street railway along a public street, cease using the same and leave it in the street, and thereafter owe no duty to the public to see that it did not become dangerous to travel, and that it would not become liable to any person injured if it did become a public nuisance and cause injury to a traveler lawfully using the street. We find no proof in the record that either the Rosen Company or the Citizens Company, appellant herein, abandoned said railway track in the sense that it gave up title to it. On the contrary, the proof shows that the Rosen Company owned the property in question, sold it to appellant, and that appellant recognized this fact by afterwards taking up and using the material composing such railway track. There appears to be no proof that either appellant or the Rosen Company used that part of the track for street railway traffic, but the evidence does show, in our opinion, that they did not abandon title to the property so placed in the street and afterwards becoming an obstruction therein by its exposed condition, causing the injury and damage to appellee's wife.

Appellant devotes a good part of its brief to the question of notice to it of the nuisance created by the railway track placed in said street, and of which it had become the owner. The evidence shows that the Rosen Company put the track in question in the street and owned it

at the time it sold out to the appellant, Citizens Company, on the 1st day of August, 1906, and that appellant in such sale acquired the property in question, and that its general superintendent, A. J. Dunklin, before this accident knew of the franchise of the Rosen Company, where this track and rails were laid, and that appellant's general superintendent, J. T. Voss, before the accident to appellee's wife knew of this track's being there, 120 feet in length, and saw that one of the rails was exposed; that appellant after the accident had part of the track taken up; and appropriated all of the rails of all the track to appellant's use.

The appellant in its first assignment complains of the action of the court in refusing to permit appellant to contradict appellee Johns by the witness Voss. as to what appellee had stated to officers of appellant with reference to a claim made by appellee against appellant for injuries to himself on a prior occasion, and as to whether or not he had stated to such officers some months before the injury to his wife, and in trying to settle his said claim he had against appellant for injuries to himself, that he had been ruptured by the accident to him, appellant contending that such evidence was admissible for the purpose of showing the disposition upon the part of the appellee to defraud this appellant, his bias as a witness, and for the purpose of impeaching said witness, as shown by its bill of exception. We are of the opinion that the court did not err in excluding the testimony in question, because the matter to which it related was collateral to and in no manner connected with the case on trial, and that a witness can not be contradicted in a collateral matter for the purpose of discrediting his testimony, and that said evidence appears to be wholly irrelevant and immaterial to any issue in this case. An approved test as to whether or not the matter inquired into is collateral is: "Would the cross-examining party be entitled to prove it as a part of his own case tending to establish his own plea?" Tested by this rule, the questions propounded to Johns on cross-examination were undoubtedly collateral to any issue in the case on trial. The Supreme Court in the case of Dimmitt v. Robbins, 74 Texas, 445, says: "It seems to be a well settled principle that a witness can not be cross-examined as to any fact which is collateral and irrelevant to the issue, merely for the purpose of contradicting the witness." Citing 1 Greenleaf on Evidence, section 449. As to the bias, interest or prejudice of the witness, there is a wide distinction between the ordinary witness and a party to the suit. This distinction has heretofore been recognized by this court in the case of Ry. Co. v. Dishman, 41 Texas Civ. App., 250, in which case the court said: "Appellee, while testifying in his own behalf, on cross-examination was asked if he had not had a great number of suits against appellant company, and did not have at the time one pending on appeal, in addition to the present suit, he would have answered that he had had a number of suits against appellant, and also had one on appeal at that time, but upon objection of appellee that the same was immaterial and did not tend to prove any issue in the case, the court excluded the evidence. In this we think there was no error. It is insisted by appellant that this testimony should have been admitted for the purpose of showing intent and good faith in bringing the suit, and for the purpose of showing bias or feel-

ing against defendant. The first contention is evidently frivolous, for whatever appellee's intent or good faith in bringing the suit may have been, it would not affect his right to a recovery, if he stated and proved a good cause of action. Nor was the evidence admissible for the purpose of showing bias or feeling against appellant. Necessarily a plaintiff in an action is interested and to that extent stands discredited before the jury. Proof, therefore, that appellee had other suits against appellant would add nothing to the established fact that he had cause for bias against the appellant." We do not think that the evidence in question was admissible to show an attempt to defraud appellant on appellee's part, because there appears to be no evidence in this case, or in appellee's claim for injuries to himself, indicating that appellee was trying to defraud appellant. Dimmit v. Robbins, 74 Texas, 445; Gulf, C. & S. F. Ry. Co. v. Johnson, 83 Texas, 633; Texas & P. Ry. Co. v. Dishman, 41 Texas Civ. App., 250; Johnson v. State, 22 Texas Apps., 223.

Appellant by its second and third assignments of error complains of the action of the court in prohibiting, on the objection of the plaintiff's attorneys, a consultation between the attorneys for the defendant street railway companies, to wit, the Citizens Company and the Rosen Company, and the attorneys for the defendant the city of North Fort Worth, in regard to the jury list and in regard to striking jurors therefrom on peremptory challenges, contending that it was reversible error for the court to prohibit appellant's attorneys from consulting with the attorneys of the city of North Fort Worth in regard to the matter of the jury list, and in regard to striking jurors therefrom on peremptory challenges, and that on account of such refusal by the court certain persons were allowed to remain on the jury who would otherwise have been challenged peremptorily by appellant. We are of the opinion that the court did not err in not permitting attorneys for the three defendants to consult together before exercising their peremptory challenges, as that was a matter within the discretion of the court, and it is not shown that the court abused its discretion.

We are further of the opinion that the Rosen Company and the appellant, the Citizens Company, were not entitled to separate challenges, because the evidence discloses conclusively that the Rosen Company sold the railroad track in question to the Citizens Company, and had ceased any control over it before the accident, and as to this there was no contest as between the two companies, and further, said defendants did not plead over against each other, nor against the city, but joined in a common answer against plaintiff and should not have been allowed more than six challenges between them. St. Louis S. W. Ry. Co. of Texas v. Barnes, 72 S. W., 1041, and cases cited.

We are of the opinion that objection to the court's charge, as set out in appellant's fourth assignment of error, is not well taken, the portion of the charge complained of being as follows: "If you believe and find from the evidence that the plaintiff in the night time, about the date named in the petition, was driving a wagon on and over said street, accompanied by his wife, and while attempting to drive over said street railway track, the wheel of his wagon came in contact with the

said rail, and if it did come in contact with the same, and that the plaintiff was using due care for the safety of himself and his wife, and that by reason of the wheel of said wagon so colliding with said rail, if it did collide with it, that plaintiff's wife was injured thereby, if you find from the evidence that she was injured, then it will be your duty to find for the plaintiff against said defendant and assess his damages as hereinafter directed;" and the full charge of the court, as concerns negligence or not upon the part of appellant, was as follows: "If you believe and find from the evidence that the Rosen Company acquired a franchise from the city to build and operate a line of street railway over said street (Central Avenue), and that in order to hold said franchise it placed in said street the rails and ties mentioned in the evidence, and that afterwards, on the 1st day of August, 1906, said Rosen Company sold all of its property and rights and franchises to said Citizens Company, and in this connection the court charges you that by the terms of the conveyance read in evidence the property in and title to said railway track and ties passed to said Citizens Company, if the said Rosen Company owned the same at the time of said transfer; then you are charged that it became the duty of said Citizens Company to use the same care as hereinbefore defined as to the city in the preceding paragraph hereof to keep said rails and ties and said street where same were situated in a reasonably safe condition in order to avoid injuries to persons driving vehicles over same at night, and if you further believe from the evidence that it failed to use such care, and if you find from the evidence that the said street at said place, on account of such rails protruding above the surface of the street, if they did so protrude, rendered said street unsafe and dangerous to' persons traveling upon the same, in vehicles, and that a person of ordinary care, if owning such railway, rails and ties, would not have permitted said street and rails to be and remain in such condition, then you are charged that said defendant was guilty of negligence in respect to the matter about which you are being charged, and if you believe and find from the evidence that the plaintiff, in the night time, about the date mentioned in the petition, was driving a wagon on and over said street, accompanied by his wife, and while attempting to drive over said railway track, that the wheel of his wagon came in contact with said rail, if it did come in contact with same, and that plaintiff was using due care for the safety of himself and wife, and that by the reason of the wheel of said wagon so colliding with said rail, if it did collide with it, that plaintiff's wife was injured thereby, if you find from the evidence that she was injured, then it will be your duty to find for the plaintiff against said defendant and assess his damages as hereinafter directed." And the part of the charge as to the care required by the city is as follows: "It was the duty of the city to use ordinary care to keep said street, Central Avenue, and the street car ties and rails thereon, that is, the place they were upon in said street, in a reasonably safe condition for the public travel, and for persons driving on and over same in order to avoid injuries to persons so using said street." Being of opinion that the charge of the court, considered as a whole, was not erroneous in the matter complained of, said assignment is here disallowed and overruled.

Appellant's fifth assignment is to the effect that the court erred in giving the following instruction to the jury: "If you find a verdict in favor of the plaintiff against the city, and also against either of the other defendants, then it will be your duty to find a verdict against such other of the defendants as you may find against in favor of the city," contending thereunder that there was no contract that would entitle the city to a judgment over against the appellant, and that the wrong, if any, of the appellant, being an act of omission only, and similar in its nature to a wrong, if any, of the city, the latter was not entitled to a judgment over against appellant. We are unable, however, to concur with appellant that the giving of this charge by the court was error. The city in its answer pleaded over against the appellant in the event judgment was rendered against it, and the ordinance granting the Rosen Company the right to lay the track in question in the first instance provided that said company was to keep the track and street where the same was laid in good repair, and on a level with the surface of the street, and further provided that in case of injury to any person for failure to do so, it would hold the city harmless. Appellant, before the injury, had purchased the property from the Rosen Company and later exercised its ownership over said property by taking up and removing the same from the street and appropriating it to its own use. However, we regard the question presented by this assignment as immaterial, in view of the fact that the jury found in favor of the city against appellee, and if it be conceded that such charge was error, we are unable to see that any possible injury was done appellant by giving the same. San Antonio Gas Co. v. Singleton, 24 Texas Civ. App., 341; Fort Worth v. Allen, 10 Texas Civ. App., 488; Corsicana v. Tobin, 23 Texas Civ. App., 492.

Appellant's sixth assignment of error complains that the court erred in that portion of his charge wherein he instructed the jury that if the ownership of said railway track and ties passed to the Citizens Company by the transfer to it from the Rosen Company, then it became the duty of the Citizens Company to use ordinary care to keep said rails and ties, and the street wherein the same were situated, in a reasonably safe condition in order to avoid injury to persons driving vehicles over the same at night, regardless of whether the Citizens Company had abandoned said track, rails and ties, or not, appellant contending that it had abandoned the rails and ties in question prior to the time of the alleged injury and asserted no ownership or control over the same at the time of such injury, and further, in its se nd proposition under said assignment, that the city of North Fort Wor. had exclusive control over the streets and that it was error for the court to charge the jury that the duty of repair rested upon the Citizens Company in the absence of evidence of permission or instruction from the city to make such alteration as might be necessary in the street surface. We are of the opinion that there was no error on the part of the court in giving the charge complained of. The theory upon which this case was tried as related to appellee, and which we here hold to be correct under the law and the facts of this case, was as follows: That if the Rosen Company, in an endeavor to acquire franchise over the street in question for street railway purposes, constructed a railway track on said street

four rails in length, as shown by the evidence, then it was the duty of said company at common law, as well as under the ordinance in evidence, to use ordinary care to keep said track in a reasonably safe conition for travel over the street, while it permitted its property, namely, the rails and ties, its railway, to remain in said street, and it having sold all its property rights, privileges and franchises, including the track in question, to the Citizens Company, appellant herein, and appellant having accepted the same, that said appellant owed the same duty to the public while it permitted its property, the railway track in question, so acquired from the Rosen Company to remain in the street in question. We are of opinion that the record shows no evidence of any probative force to establish the contention that either the appellant or the Rosen Company had abandoned the property in the street railroad in question. As to whether or not the two companies had abandoned the idea of ever using that street for street railway purposes in connection with the part of the track in question, before appellee's wife was injured, is by no means clear, but it appears from the evidence that after she was injured appellant took its property out of the street and used it, that being regarded by appellee as showing conclusively that appellant owned said track, and appellee's contention being under the evidence that the Rosen Company, while owning the railway track, should have kept it in a reasonably safe condition for public travel, and that when appellant purchased it from the Rosen Company, it owed the same duty to the public, such obligations arising under the common law as well as under the ordinance in evidence, and that the Rosen Company having acquired the right to lay the track in question from the city under contract to keep the same in repair and to hold the city harmless in case of failure and injury to a third person, the Citizens Company, when it acquired the property by purchase from the Rosen Company assumed in law the burden resting on the Rosen Company to keep the same in repair as long as it permitted the property to remain in the street, and that therefore there was a contractual as well as a common law duty upon appellant to do so, a breach of which gave any injured party a right of action against appellant, which contention we here sustain.

It appearing from the evidence that some time after the injury to plaintiff's wife appellant had taken up and removed from said street the rails in question without interference or objection upon the part of the city, we do not think that the question of permission or authority from the city to either maintain the street in a safe condition or remove the ties and rails therefrom is material in this case.

Appellant's seventh assignment of error complains of the court for refusing to give its special instruction No. 5, as requested, to the effect that if the defendant street railway companies, or either of them, had abandoned the track in controversy and surrendered all control, claim and interest in the same, and at the time of the accident complained of said defendants, or either of them, so abandoning said track had not resumed authority or control over the same, then as to such defendant or defendants so abandoning and not resuming authority or control over said tracks, the jury should find in its or their favor; and also appellant's eight assignment, relating to the court's refusal to give

its special instruction No. 7, to the effect that if, when the franchise of defendant railway companies on Central Avenue expired, the track in controversy was in a safe condition for travel on said street by persons using the said street, and if between the time when the franchise expired and the time of the accident the said railway companies, or either of them, did not exercise any control over or assert any interest in said track, the jury should find a verdict in its or their favor. As both of these assignments relate to the same matter, to wit, the question of abandonment, they will be here considered together. The theory of the appellant in the trial of this case was that if the Rosen Company, after having failed to procure its franchise to operate a line of street railway on Central Avenue, had abandoned the track in question before selling its properties to appellant, and that appellant had continued the same abandonment, then that neither the Rosen Company nor appellant would be under any duty to keep the track in question in safe condition for travel, and that neither would be liable to any person that might be injured by its failure to keep such track in such safe condition. The special charges above referred to and requested by appellant and the Rosen Company presented this idea in different forms and the failure. to give them is the basis of said assignments. We are of the opinion that the court did not err in refusing to give said special instructions, for the reason that the evidence did not call for such charges, even had they contained a correct legal proposition. The Rosen Company having placed the street car track in question in Central Avenue, in an effort to acquire a street railway car franchise on said street, and having failed to acquire said franchise permitted its said track to remain in the street, and appellant having purchased the same from the Rosen Company, and knowing through its superior officers and agents that it had purchased the same, and then permitted the same to remain in the street until it saw proper to remove it when it had a particular use for it, it was undoubtedly its duty to exercise ordinary care to keep the same from becoming and remaining in a dangerous condition to public travel, and having failed to use such care, as found by the jury, and appellee's wife being injured by reason thereof, as shown by the evidence, we are of the opinion that appellee was liable, as held by the court below and found by the jury.

Appellant under its ninth assignment contends that it was error for the court to charge the jury that the Citizens Company (appellant herein) owed any duty of repair as to the street railway track on Central Avenue, or as to the street where the same was situated, without at least submitting as a condition of liability that the jury should first find that the Citizens Company knew or was presumed from the circumstances to have known of the alleged dangerous condition of the track. We are of the opinion that there was no error in the court's failing to submit to the jury the question of notice, or knowledge of the Citizens Company, appellant, of the dangerous condition of said track in question. No special charge relating to such matter is shown to have been requested by appellant.

The evidence, both direct and circumstantial, establishes the fact that appellant did have notice, at and prior to the time of the injury to appellee's wife, that the obstruction would probably—nay, certainly, in

the absence of due care—become an active nuisance, dangerous to those who might travel the street, and further notice was not required. Besides, appellant not having requested a special charge on that issue, the error, if any, was a mere omission and was not such as to call for a reversal of this case.

Appellant under its tenth assignment of error contends that the Citizens Company not having laid the track in question, and never having used it or been in possession of it, and having no notice of the dangerous condition, if any, that it was alleged to have gotten into by reason of the washing away of the street adjacent to the track, it was not liable for the alleged injury. The special charge requested and refused by the court was as follows: "You are instructed that the right of the defendant Fort Worth & Rosen Heights Street Railway Company and the defendant Citizens Railway & Light Company to maintain and operate a street railway at the place where plaintiff's wife claims to have been hurt had ceased, and the city of North Fort Worth had refused to extend or renew such right before the time that plaintiff's wife received her alleged injury, and as neither of said companies in fact ever operated a street railway at said place, and as the undisputed evidence shows that when the track at said place was laid it was in good condition, and that the rails were at no place above the surface of the street, or any part thereof, you are therefore instructed that no duty devolved upon either of said street railway companies, at the time that plaintiff's wife claims to have been hurt, to keep the surface of the street filled in next to said rails, and you will find for the defendants the Fort Worth & Rosen Heights Street Railway Company and the Citizens Railway & Light Company." On the grounds heretofore stated in overruling appellant's seventh, eighth, and ninth assignments, we conclude that appellant's objection to the action of the court in refusing to give the above requested instruction is not well taken, and that the court properly refused to give said instruction.

On an examination of the portion of the court's charge complained of in appellant's eleventh assignment of error, we conclude that the objection of appellant thereto presents no reversible error, and said assignment is therefore overruled and disallowed.

We are also of the opinion that there was no error in the charge "submitting the issue of contributory negligence," and in refusing the special charge requested by appellant. The charge given by the court in our opinion was amply sufficient under the evidence in the case and the allegations of appellant in its answer setting up contributory negligence. The court on this issue charged the jury as follows: "It was the duty of the plaintiff to use ordinary care in driving on and over said street at the time in question to avoid injury to himself and wife, and if you find that plaintiff was negligent, as that term has been defined to you, in the manner in which he was driving, or in not discovering the condition of said railway before driving against it, and that such negligence, if any, on his part caused or contributed to cause the injuries to his wife complained of, then it will be your duty to find for all of the defendants, even though you find that they were also negligent."

We also conclude that there was no error on the part of the court in refusing special instruction No. 4 requested by appellant, to the effect

that in determining whether the appellee was guilty of negligence in driving the vehicle in which his wife was riding at the time of the accident, the jury should take into consideration whatever, if anything, the evidence disclosed of the circumstances under which the plaintiff drove upon or against the railway track, and his knowledge, if any, then or before that time with reference to the situation and condition of said track, the court in its general charge having sufficiently instructed the jury as to the issue of contributory negligence in this case.

We are further of the opinion that the court did not err in instructing the jury that they might compensate plaintiff for such physician's bills as were reasonable, which he had paid or incurred in the necessary treatment of his wife for her injuries, and that appellant's objection to said charge, to wit, for the reason that there was no allegation in the petition to the effect that any reasonable physician's bills were paid or incurred by him, is not supported by the pleadings of appellee. Said assignment is therefore overruled and disallowed.

We are further of the opinion that there was no error, as complained of in appellant's fifteenth assignment, and that the court correctly instructed the jury that in fixing the amount of damages they might take into consideration the miscarriage of plaintiff's wife, and that such charge was not upon the weight of the evidence and did not give undue prominence to the question involved.

The appellant's sixteenth and last assignment complains of the verdict of the jury as excessive, but in view of the evidence in this case showing that appellee's wife had been severely injured by the fall and shock she received, resulting in a miscarriage, and had been in bad health ever since, and was sick and suffering the day of the trial, and that she was healthy and strong before she was injured, and that she would probably become an invalid on account of such injuries, we are unable to concur with appellant's contention, and in view of all of the evidence bearing upon the question of the extent of the injuries to appellee's wife, we are inclined to consider the verdict complained of as moderate in amount.

Finding no reversible error assigned by appellant, or shown by the record, we conclude that this case should be in all respects affirmed, and it is so ordered.

*Affirmed.*

ON REHEARING.

SPEER, ASSOCIATE JUSTICE.—Appellants' motion for rehearing will be overruled, but in this connection we deem it proper to add that if it should be held that we were in error in overruling their second and third assignments of error upon the ground stated in the original opinion —that is, that the matter of permitting their attorneys to consult together with reference to their peremptory challenges was a matter of discretion for the trial court—yet the assignments present no reversible error because the bill of exceptions taken to the ruling of the court fails to show that any other jurors would have been stricken from the list, even if the court had permitted the fullest conference among the defendants. In other words the bill fails to show that any juror sat on the jury who was in anywise objectionable to either of the appellants.

Some such contention is made in the motion for a new trial, but obviously it would not do to permit parties to thus tacitly acquiesce in the court's ruling and to speculate on the chances of a favorable verdict, and being disappointed, finally to make their objections in the motion for a new trial. The motion is overruled.

*Overruled.*

Writ of error refused.