## RUTLAND v. ST. LOUIS, S. F. & T. RY. CO. et al. (No. 3071.)

(Court of Civil Appeals of Texas. Texarkana. June 18, 1925. Rehearing Denied June 25, 1925.)

**1. Jury ⬳136(3)—Allowing each of two defendants six peremptory challenges held error, when there were no conflicting rights between them.**

In action for wrongful death against joint defendants, allowing each defendant six peremptory challenges, thus including jurymen personally objectionable to plaintiff, *held* error, under Vernon's Sayles' Ann. Civ. St. 1914, art. 5198, where codefendants had no conflicting rights.

**2. Jury ⬳110(16)—Failure to object to allowing six peremptory challenges to each of two defendants before all jurymen were examined held not waiver of right to object.**

Failure of plaintiff to object to allowing each of two defendants six peremptory challenges before all jurymen had been examined *held* not a waiver of right to object.

**3. Jury ⬳110(16)—Error of court in allowing each of two defendants six peremptory challenges, held not cured by plaintiff dismissing suit as against one of defendants.**

Error of court, in allowing each of two defendants six peremptory challenges, *held* not cured by plaintiff dismissing suit as against one of defendants.

**4. Trial ⬳253(4)—Instructions allowing recovery on. one theory only held improper, where there was another theory, supported by pleading and testimony presented in instruction and refused by court.**

In action for wrongful death against railroad company, caused while deceased was working under car, .instructions allowing recovery only on theory stated *held* error; there being another theory supported in pleadings and testimony and presented in special instruction requested by plaintiff and refused by court.

**5. Appeal and error ⬳1064(1)—Instruction, though duplicitous, held harmless.**

In action for death against railroad company, caused while deceased was working under car, instruction that, if deceased was guilty of contributory negligence of proximately causing, .or contributing to cause, his injury and death, in going under car without putting out a blue flag as alleged railroad rule required, though duplicitous, in that it submitted negligence and proximate cause together, *held* harmless.

**6. Railroads ⬳282(9)—Refusal to instruct peremptory to find in defendant's favor held proper.**

In action for death against railroad company while deceased was working under car,

where it was contended that deceased was contributorily negligent in going under car, without placing flag at end of such car as railroad rule required, refusal of court to instruct peremptory to find in defendant's favor *held* proper, where there was testimony tending to show such rule had been abrogated.

Appeal from District Court, Grayson County; Silas Hare, Judge.

Action by Rosalie Rutland, administratrix, against the St. Louis, San Francisco & Texas Railway Company and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Randell & Randell, of Sherman, and Ocie Speer, of Fort Worth, for appellant.

Freeman, McReynolds & Hay, of Sherman, for appellees.

WILLSON, C. J. October 2, 1922, Sam J. Rutland, an employé of the St. Louis Southwestern Railway Company of Texas, was under a car on one of said company's tracks in .Sherman, engaged in repairing it, when the car ran over and instantly killed him, as a result of conduct of employés of the St. Louis, San Francisco & Texas Railway Company in moving other cars onto said track and against the one he was under. This suit for damages for the death of said Rutland was commenced by appellant (his widow), as administratrix of his estate, against both said railway companies; but at the trial, after the testimony was heard, appellant dismissed her suit so far as it was against said St. Louis Southwestern Railway Company of Texas, and thereafter prosecuted it against the St. Louis, San Francisco & Texas Railway Company alone.

Appellant's complaint against appellee was that it "caused and permitted a certain cut of cars to be suddenly moved and thrown and propelled along said track and against the car and cars with and about which the deceased was engaged in the performance of his duties, and caused the same to strike and run over him in such a manner" as to kill him; and, "knowing the danger to any one who might be working on or about cars on said transfer track and upon said track, negligently switched, shoved, propelled and kicked certain cars, about two in number, * * * onto said transfer track with great force and violence * * * upon and against the cars under which deceased was working in the discharge of his duties," thereby killing him; and that appellee "knew and must necessarily have known the position of deceased, and the place where he was working, and realized the danger and hazard to him arising therefrom and from the movement of said cars; and, knowing the same, negligently failed to use or-

dinary care for his protection, or to warn him of his peril, or rescue him from his danger."

In its answer, appellee alleged, among other things, that the deceased was guilty of contributory negligence which was a proximate cause of his death, and a bar to the recovery sought by appellant, in that he failed to comply with a rule promulgated by his employer, said St. Louis Southwestern Railway Company of Texas, which required all its employés, while working on a car as he was at the time he was killed, "to display a blue flag at both ends of the car or cut of cars" he was engaged in working on. In a supplemental petition, appellant charged that, if the St. Louis Southwestern Railway Company of Texas had promulgated such a rule, same, long prior to the accident, had been "abrogated, disregarded, and by common consent, usage, and general custom was not observed." In reply appellee denied that the rule had been abrogated, and alleged that, if it had been ignored, none of its officers and employés had knowledge or notice thereof.

It appeared, without dispute, in the testimony heard at the trial, that such a rule was promulgated by the St. Louis Southwestern Railway Company of Texas prior to the time the accident occurred, and that the deceased did not display a blue flag at the ends of the cut of cars he was working under. It also appeared that the car the deceased was under at the time he was killed was on a track (known as "the transfer track") which belonged to the St. Louis Southwestern Railway Company of Texas, but which was used by both that company and appellee under some kind of an agreement between them.

Special issues were submitted to the jury. The issues and findings of the jury thereon were as follows:

"(1) Under all the facts and circumstances before you, should the switch crew of the Frisco necessarily have known that some one would be in a place of danger at the cars standing upon the transfer track where Rutland was killed? Answer: No."

"(2) Did the switch crew of the Frisco cause the car or cars they were moving to be propelled at such a high rate of speed as to strike the standing cars with great and unusual violence? Answer: Yes."

"If you answer either question No. 1 or question No. 2 'No,' you need not answer questions 3 and 4, but if you answer both questions 1 and 2 'Yes,' you will then proceed to answer 3 and 4.

"(3) Was the Frisco switch crew guilty of negligence, as that term has been defined to you, in so moving said cars? Not answered.

"(4) Was such negligence, if any, the proximate cause of the deceased being injured? Not answered.

"(5) Was the deceased, Sam J. Rutland, guilty of contributory negligence proximately causing or contributing to cause his injury and death in going under the car, or cars, on the occasion in question, without putting out the blue flag? Answer: Yes.

"(6) Was the death of the said Sam J. Rutland the result of an accident? Answer: No."

On the findings made, the court rendered judgment denying the administratrix a recovery of anything, and in favor of appellee against her for costs. Thereupon she prosecuted this appeal.

When the matter of selecting a jury to try the case was taken up, the court had the names of 30 jurymen instead of 24, the statutory number (article 5204, Vernon's Statutes), drawn for the panel, and accorded to appellee and to its codefendant each a right to peremptorily challenge 6 of the jurymen on the list. Appellant objected to this insisting that appellee and its codefendant were not claiming anything as against each other but were acting together in defending against the recovery she sought. She insisted they therefore should be treated as one party only and as entitled together to only 6 peremptory challenges. The objection was overruled. It appears from a bill of exceptions that appellant exercised the right accorded to her by law (article 5198, Vernon's Statutes) and struck the names of 6 jurymen from the list of 30 furnished her, and that appellee and its codefendant each exercised the right accorded to it by the court and struck the names of 6 jurymen from similar lists furnished them, respectively. It further appears from the bill that appellant, appellee, and the latter's codefendant each struck different names from the list, and hence that there was left thereon the names of only 12 jurymen. It further appears from said bill that 4 of the 12 jurymen whose names remained on the list, and who constituted the jury that tried the case, were numbered 25, 28, 29, and 30 thereon, and hence would not have constituted a part of the jury if appellee and its codefendant had together been allowed to strike only 6 names from the list, and it appeared, further, that the 4 jurymen so numbered on the lists "were personally objectionable" to appellant, and that she challenged "each and every one of them as being improperly on the panel to try the case."

[1] The rule is to treat several defendants as one party within the meaning of the statute (article 5198), declaring that "each party to civil suit in the district court shall be entitled to six peremptory challenges," unless such defendants have conflicting rights which the verdict of the jury will affect. Jones v. Ford, 60 Tex. 127; Hargrave v. Vaughn, 82 Tex. 347, 18 S. W. 695; Ry. Co. v. Barnes (Tex. Civ. App.) 72 S. W. 1041; Baum v. Sanger (Tex. Civ. App.) 49 S. W. 650; Hall v. Dry Goods Co., 23 Tex. Civ. App. 149, 55 S. W. 747; Ry. Co. v. Johns, 52 Tex. Civ. App. 489, 116 S. W. 62; Raby v. Frank, 12

Tex. Civ. App. 125, 34 S. W. 777; Janes v. Brewing Co. (Tex Civ. App.) 44 S. W. 896.

[2, 3] As it did not appear from their pleadings or otherwise that appellee and its codefendant had conflicting rights, and did appear that they were urging the same defenses in an effort to defeat the recovery appellant sought, we think the court erred when he treated them as different parties and accorded to each of them a right to 6 peremptory challenges. We do not think the fact, shown by the bill of exceptions, that appellant's objection to the action of the court was not interposed until after she and appellee and its codefendant had examined the 30 men on the list in the usual way was a waiver of her right to object, nor do we think the error of the court in overruling the objection was cured by the act of appellant in dismissing her suit so far as it was against appellee's codefendant. The thing that entitled appellant to complain of the court's ruling is the fact that it resulted in compelling her to try the case to a jury including the 4 men who were objectional to her. The cases cited by appellee as supporting the ruling of the trial court do not do so, and when considered with reference to their facts are not in conflict with the rule stated above.

[4] It seems, from the instruction of the court to the jury not to answer questions 3 and 4 set out in the statement above, if they answered either question 1 or question 2 in the negative, that he thought appellant was not entitled to recover against appellee on any other theory than that the switching crew was guilty of actionable negligence in that, knowing that some one "would be in a place of danger at the cars standing upon the transfer track where Rutland was killed," they caused other cars to move on said track "at such a high rate of speed as to strike the standing cars with great and unusual violence." We are inclined to think that was not the only theory on which appellant was entitled to recover, but that another one having support in the pleadings and testimony was presented in the special issue No. 16, requested by appellant and refused by the court.

[5] It will be noted that the special issue numbered 5, set out in the statement above, was as to whether the deceased, in going under the car without putting out a blue flag, was "guilty of contributory negligence, proximately causing or contributing to cause," the injury he suffered. Appellant objected to the issue before it was submitted to the jury, on several grounds—those urged here being, first, that it was "duplicitous, in that it submitted negligence and proximate cause together," and, second, that it was on the weight of the evidence, in that it assumed that the deceased was negligent in not putting out a blue flag. The instruction may have been objectionable on the first mentioned of the two grounds, but if it was we are inclined to think the error in overruling the objection should be treated as harmless, for, if the deceased was guilty of negligence in going under the car without putting out a blue flag, we think it followed as a matter of law, on the record as it appears here, that such negligence on his part was a proximate cause of the accident. Ry. Co. v. Blackstone (Tex. Civ. App.) 217 S. W. 208; Ry. Co. v. Lamkin (Tex. Civ. App.) 220 S. W. 179; Ry. Co. v. Ravanelli (Tex. Sup.) 133 S. W. 424.

Quite a number of other questions are presented in appellant's brief. Some of them will not arise on another trial. As to the others, if we thought the court below erred in determining them as he did, on the record as it is presented here, we would not regard the error as one so prejudicial to appellant's rights as to require a reversal of the judgment.

[6] We have carefully considered the contention presented by appellee's cross-assignment of error, based on the refusal by the court of its request that he instruct the jury peremptorily to find in its favor, and, in view of testimony which we construe as tending to show that the blue flag rule had been abrogated, conclude it should be overruled.

The judgment is reversed, and the cause is remanded to the court below for a new trial.