No. 24,906.

THE FORT SCOTT PUBLIC UTILITIES COMPANY, *Appellant.* v. C. M.
ARMOUR, as Sheriff of the County of Bourbon, et al., *Appellees.*

SYLLABUS BY THE COURT.

1. STREET RAILWAY COMPANY—*Assignment of Franchise—Duties Assumed—
Paving of City Streets—Obligation of Company to Pay Part of Costs*
Thereof. A person who becomes the assignee of a purchaser at a re-
ceiver's sale of the property and franchise of a street-railway company
takes the property and franchise subject to all the terms and conditions
imposed by the franchise, including the obligation to pave certain portions
of the streets, and is liable for the payment of a' tax levied by the city to
pay the company's part of paving its portions of the streets which the com-
pany had obligated itself to pave, where the tax has been levied at the
solicitation and by the consent of the holder of the franchise and under its
promise to pay the same.

2. SAME—*Sheriff May Sell Nonexempt Property of Company to Collect Tax
for Street Paving.* A sheriff, under a tax warrant issued by the county
treasurer to collect the tax described in the first paragrph of this syllabus,

to pay the tax, may sell any nonexempt property of the person or corporation holding the franchise.

*Appeal from Bourbon district court;* JOHN A. HALL, judge *pro tem.* Opinion filed January 12, 1924. Affirmed.

*A. M. Keene,* and *Harry W. Fisher,* both of Fort Scott, for the appellant.

*Douglas Hudson, B. Hudson,* and *Ernest E. Blincoe,* all of Fort Scott, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: In this action the plaintiff seeks to enjoin the defendants from selling property levied on by the sheriff under a tax warrant issued by the county treasurer to collect a tax levied by the city of Fort Scott to pay for paving that portion of certain streets in the city between street-car rails and eighteen inches on each side of the street-car track. Judgment was rendered in favor of the defendants, and the plaintiff appeals.

The city of Fort Scott granted to the Fort Scott Gas & Electric Company, its successors and assigns, a franchise to construct and operate an electric street railway on certain streets in that city, and in the franchise required the company, on any street paved by the city on which the company had a street-car track, to pave the street between the rails and eighteen inches on the outside of each rail. The city paved certain streets, including that portion of them which the company should have paved. To pay for the improvement, the company requested the city to levy a tax on the property of the company, payable in ten annual installments, and the company agreed to pay that tax. The city passed ordinances levying taxes in accordance with that agreement. The taxes were paid by the company for a number of years. The company became indebted to the Light & Development Company of St. Louis, Mo., and an action was commenced to collect the indebtedness. The city was not a party to that action. A receiver was appointed therein, and the property of the Gas & Electric Company, including the franchise, was sold by the receiver to F. M. Stone, who, under the terms of the sale to him, assumed certain obligations of the company but did not agree to pay the unpaid portions of the taxes due the city for paving the streets. F. M. Stone transferred the property to the plaintiff. While F. M. Stone owned the property, he, with the consent of the city, took up the railway tracks and

removed the rails and sold them. At the time consent to take up the tracks and remove the rails was obtained, there was some conversation about Mr. Stone paying the taxes for the pavement. The city authorities understood that he would pay those taxes. It is not clear that he agreed to do so. No agreement by the plaintiff to pay such taxes is shown.

1. A demurrer to the answer of the defendants was overruled; a demurrer to their evidence was overruled; and the plaintiff's motion for a new trial was denied. Evidence to show the contract between the city and the Fort Scott Gas & Electric Company concerning the payment of the taxes and to show the conversation with F. M. Stone when he obtained permission to take up and remove the rails was introduced over the objection of the plaintiff, who complains of the introduction of that evidence. Each of these matters is argued under a separate head, but all are based on one proposition, and that is that the city could not levy a tax on the company operating the railway or on its property to pay for its portion of the cost of the pavement and that the railway company could not by contract give the city any authority to levy such a tax.

Under the franchise, the obligation of the Fort Scott Gas & Electric Company to pave the streets was a contract obligation and could have been enforced as such, but the company solicited that it be permitted to pay its share of the cost of paving in installments and that the installments be levied as taxes on the property of the company and be collected as such, and the company agreed to pay in that way the cost of its share of the paving. That company could not have successfully enjoined the collection of those taxes. The plaintiff succeeded to the rights of the Gas & Electric Company. The obligations of that company to the city were matters of record. The plaintiff was bound to take notice of those obligations and could not acquire the property and franchise free therefrom. The plaintiff must perform those obligations. (*City of Potwin Place v. Topeka Rly. Co.*, 51 Kan. 609, 33 Pac. 309; 4 McQillin on Municipal Corporations, § 1653, p. 3479; Note, L. R. A. 1918 A, 266; *Reynolds v. Pacific Electric Ry. Co.*, 146 Cal. 261; *State, ex rel. Waterbury, v. New York, N. H. & H. R. Co.*, 81 Conn. 645; *Winslow v. Putnam*, 130 Mich. 363; *Rutherford v. Hudson River Traction Co.*, 73 N. J. L. 227; *Citizens Ry. & Light Co. v. Johns*, 116 S. W. 62.) Under the authorities cited, the franchise obligations of the Fort Scott Gas &

Electric Company passed to the successors of that company. The plaintiff was the last of those successors and now holds the franchise. It is liable for the tax.

2. The property levied on by the sheriff to collect the tax warrant now in his hands is owned by the plaintiff and consists of certain electrical machinery used by the plaintiff for purposes other than operating the street railway. The plaintiff contends that this property cannot be taken to pay for paving a street, even if the tax can be levied to collect the cost of putting in the pavement. This contention cannot be sustained for the reasons stated under the first matter discussed in this opinion.

The judgment is affirmed.